### No. 25540

**Mary Lou Bauch v. Byron A. Anderson, Secretary of State, Duke W. Dunbar, Attorney General, Irving M. Mehler, Reporter of the Supreme Court, Sam C. Pandolfo III, Lad A. Felix, and Elizabeth J. Adams.**

(497 P.2d 698)

Decided May 22, 1972.

Henry and Henry, Hubert C. Henry, James C. Henry, for petitioner.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, for respondents Byron A. Anderson, Duke W. Dunbar and Irving M. Mehler.

Albert Norbont, John P. Brown, for respondents Sam C. Pandolfo, III, Lad A. Felix and Elizabeth J. Adams.

*En Banc.*

PER CURIAM.

In this original proceeding brought under C.R.S. 1963, 70-1-1(2), Petitioners seek to have this Court hold insufficient a ballot title and submission clause assigned to a proposed initiative amendment to the constitution of Colorado by the Secretary of State, the Attorney General and the Reporter of the Supreme Court acting under the provisions of C.R.S. 1963, 70-1-1(1).

Section 70-1-1(2) provides that upon the filing of such a proceeding the Supreme Court shall place the matter at the head of the calendar and dispose of it summarily either affirming the action of the board or reversing it. We affirm the action of the board and hold the title and submission clause affixed by the said board to be sufficient.

We have arrived at this conclusion by applying the principles enunciated in relevant Colorado cases that in a proceeding of this sort (1) we must not in any way concern ourselves with the merit or lack of merit of the proposed amendment since, under our system of government, that resolution rests with the electorate; (2) all legitimate presumptions must be indulged in favor of the propriety of the board's action; and (3) only in a clear case should a title prepared by the board be held invalid. Our case law on this subject is epitomized in *Say v. Baker,* 137 Colo. 155, 322 P.2d 317.

The action of the Respondents, Byron Anderson, Secretary of State, Duke W. Dunbar, Attorney General and Irving M. Mehler, Reporter of the Supreme Court, acting as a board under C.R.S. 1963, 70-1-1 in this matter is affirmed.