# APRIL TERM 1980

## No. 80SA148

**In re: An Initiated Constitutional Amendment Respecting Rights of the Public to Uninterrupted Services by Public Employees, Ruth E. Prendergast, Hugh C. Fowler and George W. Hawkins.**

(609 P.2d 631)

Decided April 14, 1980.

*En Banc.*

Per Curiam

■ This is an original proceeding brought by the proponents of an initiative petition for an amendment to the Constitution of the State of Colorado. In accordance with section 1-40-101(2), C.R.S. 1973 (1979 Supp.), the ballot title, submission clause and summary for the proposed initiative petition were prepared by a board composed of the Secretary of State, the Attorney General and the Director of the Legislative Drafting Office. The proponents protest and challenge a statement as to the fiscal impact in the summary. Pursuant to our authority to summarily review the board's action under section 1-40-101(3), C.R.S. 1973 (1979 Supp.), we reverse the board and order that the protested statement be deleted.

The proposed amendment to the constitution prohibits strikes by public employees, as well as work stoppages, slowdowns or interruptions of service. The amendment provides for termination of employment, after a hearing, for an employee found to have engaged in any of the prohibited activities.

The proponents' only protest and challenge involves a statement in the summary relating to the fiscal impact of this proposed amendment:
"In the event of hearings required pursuant to this amendment, the cost of each is currently estimated at approximately $996.00 in the state personnel system. Otherwise, the net fiscal impact is indeterminable."
It is argued that such language is without an adequate basis in the record and therefore misleading. We agree.

■ This court is guided in its review of such matters by three governing principles:
"(1) we must not in any way concern ourselves with the merit or lack of merit of the proposed amendment, since, under our system of government, that resolution lies with the electorate; (2) all legitimate presumptions must be indulged in favor of the propriety of the board's action; and (3) only in a clear case should a title prepared by the board be held invalid."
*Bauch v. Anderson,* 178 Colo. 308, 497 P.2d 698 (1972). This court will therefore reverse the action of the board only when the summary is clearly not "a true and impartial statement as to the intent of the proposed . . . constitutional amendment." Section 1-40-101(2), C.R.S. 1973.

Here, the sole evidence in support of the estimate of the fiscal impact upon the state is a calculation by the State Office of Planning and Budgeting of the cost for an "average hearing" regarding a state "classified employee." We find this limited basis for estimating the fiscal impact of the amendment to be insufficient. The cost estimate of processing the

termination of a public employee for a violation of the proposed amendment thus becomes speculative and is likely to create an unfair prejudice against the measure. This is prohibited by section 1-40-101(2), C.R.S. 1973.

With many variables which could affect the cost of processing dismissals for termination under the proposed amendment, we hold that the estimate of the fiscal impact cannot reasonably be determined from the materials submitted to the board.

We therefore reverse the board and direct that the protested statement be deleted from the summary and replaced by a statement that "the fiscal impact of this proposed amendment cannot be determined," or by a statement of similar import.

JUSTICE DUBOFSKY does not participate.