## No. 80SA178

**In the Matter of the Proposed Initiative on Transfer of Real Estate to Amend the Colorado Constitution by Adding a Section 9 to Article XVIII**

(611 P.2d 981)

Decided June 2, 1980.

Holland & Hart, Richard M. Koon, for petitioner Don A. Childears.

Calkins, Kramer, Grimshaw & Harring, Victor L. Wallace, II, for petitioner, Charles W. Henning.

Joseph A. Davies, P.C., Curtis W. Shortridge, for proponents.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Stephen H. Kaplan, First Assistant Attorney General, General Legal Services Section, for Initiative Title Setting Board.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

This is an original proceeding pursuant to section 1-40-102(3), C.R.S. 1973 (1979 Supp.). Petitioners[1] challenge the denial of their motion for rehearing by the Initiative Title Setting Review Board (board) regarding the titles, summary, and submission clause fixed by the board for the proposed initiative on transfer of real estate.

Petitioners contend that the titles, summary, and submission clause fixed by the board are unfair and fail to clearly express the true meaning and intent of the proposed constitutional amendment; that the titles, summary, and submission clause contain language which is likely to create prejudice in favor of the amendment; and that the board's statement concerning the fiscal impact of the amendment is misleading and prejudicial. We do not agree.

The test to be applied by the court in this case has been well-established: "(1) [W]e must not in any way concern ourselves with the merit or lack of merit of the proposed amendment since, under our system of government, that resolution rests with the electorate; (2) all legitimate presumptions must be indulged in favor of the propriety of the board's action; and (3) only in a clear case should a title prepared by the board be held invalid." *Bauch v. Anderson,* 178 Colo. 308, 497 P.2d 698 (1972); *IN RE: An Initiated Constitutional Amendment Respecting Rights of the Public to Uninterruped Services by Public Employees,* 199 Colo. 409, 609 P.2d 631 (1980). This court is limited to determining whether the titles, summary, and submission clause are "unfair" or fail to "clearly express the true meaning and intent" of the proposed constitutional amendment. Section 1-40-102(3), C.R.S. 1973 (1979 Supp.).

The proposed constitutional amendment provides:

"In order that all persons shall have the right to freely sell or transfer their real estate or any interest therein subject to existing financing, no person or lending institution with a security interest in real estate shall directly or indirectly accelerate or mature the indebtedness secured by such real estate or alter the terms and conditions of the indebtedness or security interest on account of the sale or transfer of such real estate or any interest therein, so long as the original debtor remains directly responsible for the indebtedness and the security for the indebtedness is not substantially impaired by the sale or transfer.

---

[1] Petitioners are qualified electors who are dissatisfied with the titles, summary, and submission clause of the proposed constitutional amendment. Section 1-40-102(3), C.R.S. 1973 (1979 Supp.).

"This section of the Constitution shall be in all respects self-executing."

I.

Petitioners first contend that the titles, summary, and submission clause prepared by the board are unfair and do not express the true meaning and intent of the proposed amendment. Petitioners present four bases for this contention: (1) the titles, summary, and submission clause fail to state that the rights and prohibition stated in the amendment are not applicable to federally chartered savings and loan associations; (2) they fail to state that the amendment will not have retroactive application; (3) they fail to mention that there is an existing statute, section 38-30-165, C.R.S. 1973 (1979 Supp.), relating to the same subject; and (4) they fail to distinguish between sales "subject to" existing financing and "assumptions" of existing financing.

(1) The record indicates that the proponents of the amendment intend that it apply to all lending institutions in Colorado, including federally chartered savings and loan institutions. As the board points out in its brief to this court, "Whether this goal or intention is realistic, feasible, desirable or possible is not for the board to determine or adjudicate." That same reasoning applies to the standard of review in this court. We can only consider whether the titles, summary, and submission clause reflect the intent of the amendment, not whether they reflect all possible problems that may arise in the future in applying the language of the proposed amendment. It is not the function of this court to rephrase the titles, summary, and submission clause so that the language used is the best possible to express the meaning and intent of the proposed amendment. *See Say v. Baker,* 137 Colo. 155, 322 P.2d 317 (1958).

(2) Whether the proposed amendment will have retroactive application is a matter to be adjudicated in the future. If a controversy arises in a specific factual context, then judicial determination of retroactive application may be appropriate, but it is not relevant to the determination of the accuracy of the language of the titles, summary, and submission clause.

(3) We do not consider that the failure to mention the existence of a statute addressing the same or similar subject as that of the proposed amendment has any effect on the acceptability of the titles, summary, and submission clause. As we have said, that language need only express the intent and meaning of the proposed constitutional amendment.

(4) The failure of the board to include language distinguishing sales "subject to" existing financing from "assumptions" of existing financing does not in our view affect the accuracy of the language of the titles, summary, and submission clause so as to cause that language to fail to state clearly the meaning and intent of the proposed amendment. The language formulated by the board directly parallels the language of the proposed amendment, and thus reflects its meaning and intent.

## II.

Petitioners' second major contention is that the titles, summary, and submission clause contain language which is likely to create prejudice in favor of the amendment. The language which petitioners argue is "prejudicial" is taken verbatim from the proposed amendment. The board was within the guidelines for formulating the titles, summary, and submission clause when it adopted the language of the proposed amendment.

## III.

The board stated in the summary that the proposed amendment "would have no direct fiscal impact on state government." We have reviewed the record on appeal, and find that the record supports the statement of the board.

Accordingly, we affirm the ruling of the Initiative Title Setting Review Board.