## In re PROPOSED INITIATED CONSTITUTIONAL AMENDMENT OF EDUCATION, 1984.

**Colorado Education Association, Gordon E. Heaton, Harold R. Thyfault, Richard N. Lansford, Carolyn E. Sandeen, Arthur N. Palmer and Paul Aaker, Opponents,**

and

**Clint Bolick, Ron Pierce, Hugh C. Fowler and Donald Stewart, Proponents,**

and

**Natalie Meyer, Douglas G. Brown and Duane Woodard, Initiative Title Setting Board.**

No. 84SA231.

Supreme Court of Colorado,
En Banc.

June 11, 1984.

Brauer & Buescher, P.C., Joseph M. Goldhammer, Denver, for opponents.

Hugh C. Fowler, pro se.

L. Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Ruthanne Gartland, Asst. Atty. Gen., Denver, for Initiative Title Setting Bd.

KIRSHBAUM, Justice.

In this original proceeding petitioners [1] challenge the title the ballot title and submission clause and the summary prepared by the Initiative Title Setting Review Board (board) for a proposed constitutional amendment on education. Petitioners challenge the title and ballot title and submission clause on three grounds. They also assert that a fiscal impact statement contained in the summary is defective. We agree in part, and, therefore, remand the matter to the board with instructions.

The proposed amendment and the board's summary thereof are set forth in Appendix A to this opinion. The proposed title states as follows:

> AN AMENDMENT TO ARTICLE IX OF THE COLORADO CONSTITUTION REQUIRING THE GENERAL ASSEMBLY: TO ESTABLISH A CORE CURRICULUM IN PUBLIC SECONDARY SCHOOLS; TO PROVIDE FOR PAYMENT OF TEACHERS ON INDIVIDUAL MERIT BASIS; TO PROVIDE FOR APPORTIONMENT OF ALL STATE MONEY FOR GENERAL EDUCATION IN ELEMENTARY, SECONDARY, AND POST–SECONDARY SCHOOLS AMONG THE PARENTS OF STUDENTS IN ORDER TO ALLOW SUCH PARENTS TO CHOOSE EDUCATIONAL SERVICES FOR THE STUDENT FROM AMONG ACCREDITED PUBLIC AND NON–PUBLIC SCHOOLS.

The proposed ballot title and submission clause states as follows:

> SHALL THERE BE AN AMENDMENT TO ARTICLE IX OF THE COLORADO CONSTITUTION REQUIRING THE GENERAL ASSEMBLY: TO ESTAB-

---

1. Petitioners include the Colorado Education Association and six qualified electors and regis- tered voters of Colorado; they bring this action pursuant to § 1–40–102(3), 1B C.R.S. (1980).

LISH A CORE CURRICULUM IN PUBLIC SECONDARY SCHOOLS; TO PROVIDE FOR PAYMENT OF TEACHERS ON INDIVIDUAL MERIT BASIS; TO PROVIDE FOR APPORTIONMENT OF ALL STATE MONEY FOR GENERAL EDUCATION IN ELEMENTARY, SECONDARY, AND POST–SECONDARY SCHOOLS AMONG THE PARENTS OF STUDENTS IN ORDER TO ALLOW SUCH PARENTS TO CHOOSE EDUCATIONAL SERVICES FOR THE STUDENT FROM AMONG ACCREDITED PUBLIC AND NON–PUBLIC SCHOOLS?

██ In reviewing such challenges to decisions of the board, the following standards apply:

"(1) we must not in any way concern ourselves with the merit or lack of merit of the proposed amendment, since, under our system of government, that resolution lies with the electorate; (2) all legitimate presumptions must be indulged in favor of the propriety of the board's action; and (3) only in a clear case should a title prepared by the board be held invalid."

*In Re: An Initiated Constitutional Amendment Respecting Rights of the Public to Uninterrupted Services by Public Employees,* 199 Colo. 409, 410, 609 P.2d 631, 632 (1980) (quoting *Bauch v. Anderson,* 178 Colo. 308, 310, 497 P.2d 698, 699 (1972)). We must ensure that the documents presented to the public "fairly and succinctly advise the voters what is being submitted, so that in the haste of an election the voter will not be misled into voting for or against a proposition by reason of the words employed." *Dye v. Baker,* 143 Colo. 458, 460, 354 P.2d 498, 500 (1960). Our role is to determine whether the descriptive documents fairly reflect the purport of the proposed amendment.

██ Petitioners first argue that the title and ballot title and submission clause impermissibly fail to reflect certain important limiting language contained in the actual proposed amendment. We agree.

Section C of the proposed amendment authorizes legislative apportionment of funds appropriated for the support of general education in elementary, secondary and post-secondary schools among students "required by law to be educated therein." It further states that such apportionment should maximize opportunities for selection of educational services from such resources as public schools and non-public schools "which are not pervasively sectarian." Though included in the summary, the above-quoted phrases are absent from the title and the ballot title and submission clause prepared by the board. In view of the carefully articulated purport of this section and the importance of the two quoted phrases to the expression of such purpose, we conclude that the title and the ballot title and submission clause fail to describe the class of students and the character of the educational institutions which are the subject of the proposed amendment. In the absence of these brief but critical phrases, the two documents do not fairly reflect the contents of the proposed amendment. *Dye v. Baker, supra.* The addition of such phrases would cure such defect.

██ Petitioners assert that the title and the ballot title and submission clause improperly fail to describe the administrative consequences of adoption of the core curriculum defined in Section A of the proposed amendment. As we have stated, however, the board must be given great deference in the exercise of its summarization authority. *In Re: Second Initiated Constitutional Amendment Respecting the Rights of the Public to Uninterrupted Services by Public Employees of 1980,* 200 Colo. 141, 613 P.2d 867 (1980); *Bauch v. Anderson, supra.* While further elaboration of the effects of the adoption of a core curriculum might well be of interest to potential voters, we conclude that voters would not be misled by this portion of the title and ballot title and submission clause. We, therefore, reject this argument.

██ We also reject petitioners' challenge to the summary statement's fiscal impact

comment. The testimony presented to the board concerning the infinite possibilities and attendant economic complexities any specific legislation might or might not create fully supports the board's conclusion that the fiscal impact of the proposed amendment cannot be determined. *See In Re: An Initiated Constitutional Amendment Respecting Rights of the Public to Uninterrupted Services by Public Employees,* 199 Colo. 409, 609 P.2d 631 (1980).

For the foregoing reasons, we reverse the action of the board and remand the matter with directions to revise the title and the ballot title and submission clause by adding to each the phrase "required by law to be educated therein" after the phrase "parents of students," and the phrase "which are not pervasively sectarian" after the term "non-public schools."

## APPENDIX A

1. *Text of proposed amendment:*
### THE EDUCATION IMPROVEMENT AMENDMENT

Be it enacted by the people of the State of Colorado, to wit: Article IX of the Constitution of the State of Colorado is hereby amended by the addition of the following new sections:

Section A. To be effective with the 1986–87 school year, the General Assembly shall provide by law for the establishment of a core curriculum in the public secondary schools, and only those students successfully completing said curriculum shall be awarded a diploma upon graduation from said schools. The core curriculum must include, but is not limited to, in Carnegie credits or their equivalent: English, 4 credits; Mathematics, 3 credits; Science, 3 credits; Social Studies, 3 credits, to include a comprehensive presentation of the free enterprise system and the responsibilities of a citizen in a democratic republic. Said law shall provide that local boards of education may issue a certificate of attendance to those students graduated without having completed the said curriculum for any reason.

Section B. To be effective with the 1986–87 school year, the General Assembly shall provide by law that local boards of education shall pay teacher salaries according to compensation methods which reward the performance of teachers on the basis of their individual merit.

Section C. The provisions of Section 34 of Article V, and Section 7 of Article IX of this Constitution notwithstanding, to be effective with the 1986–87 school year, the General Assembly shall provide by law that all state funds appropriated for the support of general education in the elementary, secondary, and post-secondary schools shall be apportioned among all students required by law to be educated therein, and that each individual share of such apportionment shall be under the control of each student's parent or guardian, to the end that said parent or guardian shall have maximum opportunity to choose appropriate educational services for said student from among accredited resources including public schools and non-public schools which are not pervasively sectarian. The provisions of this section shall not impute to the State Board of Education or any other accrediting agency the authority to set accreditation standards more stringent or rigorous than those in place as of January 1, 1984.

2. *Text of the summary of the proposed amendment as prepared by the Board:*

The amendment would require the General Assembly to establish a public secondary school core curriculum of English 4 years, mathematics 3 years, science 3 years, and social studies 3 years, including study of the free enterprise system and the responsibilities of citizens of a democractic republic. Only students who successfully completed the core curriculum would be awarded diplomas upon graduation. Local boards of education could issue certificates of attendance to other graduates.

The General Assembly would also be required to direct local boards of education to pay teacher salaries according to compensation methods which reward the performance of teachers on the basis of their individual merit.

The amendment would require all state money appropriated for general education in elementary, secondary, and post-secondary schools to be apportioned among all students required to be educated. Each apportioned share would be in the control of each student's parent or guardian so that the parent or guardian could choose educational services for the student from among accredited public and non-public schools which are not pervasively sectarian. The amendment would not give the State Board of Education or any other accrediting agency authority to set accreditation standards more stringent than those in effect on January 1, 1984. The fiscal impact of this measure is indeterminable.