In the Matter of the Title, Ballot Title and Submission Clause, and Summary of PROPOSED CONSTITUTIONAL AMENDMENT UNDER THE DESIGNATION "PREGNANCY."

William L. Woodley, William G. Small, Shirley J. Noll and Earl F. Dodge, Opponents–Petitioners,

and

Colorado Taxpayers for Choice, Inc., Proponent–Respondent,

and

Natalie Meyer, Douglas G. Brown and Duane Woodard, Initiative Title Setting Review Board–Respondent.

No. 88SA113.

Supreme Court of Colorado, En Banc.

June 6, 1988.

Charles J. Onofrio, Denver, for opponents-petitioners.

Kelly, Haglund, Garnsey & Kahn, Terre Lee Rushton, Denver, for proponent-respondent.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Neil L. Tillquist, Asst. Atty. Gen., Denver, for Initiative Title Setting Review Board–respondent.

ROVIRA, Justice.

In this original proceeding petitioners[1] seek review of the Initiative Title Setting Review Board's (Board)[2] denial of their motion for rehearing concerning the Board's designation of a title, ballot title and submission clause, and summary of a proposed constitutional amendment initiated by Colorado Taxpayers for Choice, Inc. (Colorado Taxpayers). We affirm.

## I.

The Colorado Constitution guarantees the right of the people to initiate constitutional amendments. Colo. Const. art. V, § 1. The statutes implementing initiative procedures require that an initiator submit the original draft of the initiative to the directors of the legislative council and the legislative drafting office, who review the draft and provide comments to the initiator. § 1-40-101(1), 1B C.R.S. (1987 Supp.). The initiator must then submit the initiative (with or without changes to the original draft) to the Board, which designates a title, a ballot title and submission clause, and a summary of the initiative.[3] § 1-40-101(2), 1B C.R.S. (1980).

An elector other than the initiator who is not satisfied with the Board's action may move for a rehearing before the Board on the grounds that the title, ballot title and submission clause, and summary are "unfair or ... do not clearly express the true meaning and intent of the proposed law or constitutional amendment." § 1-40-102(3), 1B C.R.S. (1987 Supp.).[4] If the Board denies the petition for rehearing, the party challenging the Board's action may seek review before this court. §§ 1-40-101(3) & -102(3), 1B C.R.S. (1980 & 1987 Supp.).

On February 19, 1988, Colorado Taxpayers submitted the following initiative to the secretary of state pursuant to section 1-40-101(2), 1B C.R.S. (1980):

The following language is our draft text for a proposed initiated Amendment to repeal Article V, Section 50 of the Colorado Constitution. This text would replace existing Article V, Section 50 of the Colorado Constitution, and read as follows:

*Article V*

*Section 50. Use of public funds for termination of pregnancy.* The State, its agencies, institutions, and political subdivisions, shall not prohibit the use of public funds for medical services for a woman, solely because of her choice of whether or not to continue her pregnancy.

On March 2, 1988, the Board issued the following order as required by section 1-40-101(2):

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO REPEAL ARTICLE V, SECTION 50 OF THE COLORADO CONSTITUTION AND TO PROVIDE INSTEAD THAT THE STATE AND ITS AGENCIES, INSTITUTIONS, AND POLITICAL SUBDIVISIONS SHALL NOT PROHIBIT THE USE OF PUBLIC FUNDS FOR MEDICAL SERVICES FOR A WOMAN SOLELY BECAUSE OF HER CHOICE OF WHETHER OR NOT TO CONTINUE HER PREGNANCY.

1. Petitioners are four registered electors of Colorado; they bring this action pursuant to § 1-40-102(3), 1B C.R.S. (1987 Supp.).

2. The Initiative Title Setting Review Board is composed of the attorney general, the secretary of state, and the director of the legislative drafting office. § 1-40-101(2), 1B C.R.S. (1980 Supp.).

3. The title, ballot title and submission clause, and summary are utilized differently during the initiative procedure. The ballot title alone appears on the ballot. § 1-40-108(1), 1B C.R.S. (1980). The title, full text of the proposed law or amendment, and the ballot title together are published twice in every legal newspaper in Colorado before the election. § 1-40-114(1), 1B C.R.S. (1980). The summary, along with "a complete copy of what is proposed to be initiated," must appear on petitions to have the initiative placed on the ballot. § 1-40-107(1), 1B C.R.S. (1987 Supp.).

4. The initiator's right to appeal is set out in section 1-40-101(3), 1B C.R.S. (1980). An initiator must file a motion for rehearing within 48 hours after the Board returns the title, ballot title and submission clause, and summary, while an elector who is not an initiator must file a motion for rehearing within 30 days.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO REPEAL ARTICLE V, SECTION 50 OF THE COLORADO CONSTITUTION AND TO PROVIDE INSTEAD THAT THE STATE AND ITS AGENCIES, INSTITUTIONS, AND POLITICAL SUBDIVISIONS SHALL NOT PROHIBIT THE USE OF PUBLIC FUNDS FOR MEDICAL SERVICES FOR A WOMAN SOLELY BECAUSE OF HER CHOICE OF WHETHER OR NOT TO CONTINUE HER PREGNANCY?

The summary prepared by the Board is as follows:

In the place of the existing prohibition on the use of public funds for abortions, this amendment would enact a provision that the state and its agencies, institutions, and political subdivisions shall not prohibit the use of public funds for medical services for a woman solely because of her choice of whether or not to continue her pregnancy.

Petitioners objected to the order, but following a hearing on April 4, 1988, the Board denied the petitioners' motion for rehearing.

## II.

Petitioners contend that the title, ballot title and submission clause, and summary are invalid for two reasons: First, they contain a substantive provision not contained in the initiative submitted; and second, they do not express the true meaning and intent of the proposed constitutional amendment.

## A.

The title, ballot title and submission clause, and summary designated by the Board must satisfy the standards set by the legislature. The title must "correctly and fairly express the true intent and meaning" of the initiative. § 1–40–101(2), 1B C.R.S. (1980). The ballot title and submission clause must "unambiguously state

the principle of the provision sought to be added, amended, or repealed." *Id.* Finally, the summary must be "a true and impartial statement of the intent of the proposed law or constitutional amendment and shall not be an argument, nor likely to create prejudice, either for or against the measure." *Id.*

■ Our review of Board actions has consistently been guided by the following principles:

(1) [W]e must not in any way concern ourselves with the merit or lack of merit of the proposed amendment since, under our system of government, that resolution rests with the electorate; (2) all legitimate presumptions must be indulged in favor of the propriety of the board's action; and (3) only in a clear case should a title prepared by the board be held invalid.

*Bauch v. Anderson*, 178 Colo. 308, 310, 497 P.2d 698, 699 (1972). *See also In the Matter of the Title, Ballot Title and Submission Clause, and Summary, including the Estimate of Fiscal Impact and Explanation thereof, pertaining to the Increase of Taxes on Tobacco Products Initiative Adopted on March 2, 1988*, 756 P.2d 995, 998 (Colo.1988) (hereinafter *Tobacco Products Initiative*); *In re Proposed Initiative Concerning Drinking Age in Colorado*, 691 P.2d 1127, 1130 (Colo.1984) (hereinafter *Drinking Age Initiative*); *In re Proposed Initiative Concerning "State Personnel System"*, 691 P.2d 1121, 1123 (Colo.1984) (hereinafter *State Personnel System Initiative*); *In re Proposed Initiated Constitutional Amendment of Education, 1984*, 682 P.2d 480, 482 (Colo.1984) (hereinafter *Education Initiative*). Our ultimate duty is to ensure that the Board has designated a title, ballot title and submission clause, and summary by which "neither the signers of initiative petitions nor the electors voting on an initiated measure will be misled." *Drinking Age Initiative*, 691 P.2d at 1130; *Education Initiative*, 682 P.2d at 482. Finally, neither we nor the Board may go beyond ascertaining the intent of the initiative's drafters so as to interpret the meaning of the language proposed or

to suggest how it will be applied if adopted by the electorate. *In the Matter of the Title, Ballot Title and Submission Clause, and Summary Pertaining to the Casino Gaming Initiative Adopted on April 21, 1982*, 649 P.2d 303, 310 (Colo. 1982); *In the Matter of the Title, Ballot Title and Submission Clause, and Summary Including the Estimate of Fiscal Impact and Explanation thereof Pertaining to the Mineral Production Tax Initiative Adopted on January 27, 1982*, 644 P.2d 20, 23 (Colo.1982) (hereinafter *Mineral Production Tax Initiative*); *In the Matter of the Proposed Initiative on Transfer of Real Estate to Amend the Colorado Constitution by Adding a Section to Article XVIII*, 200 Colo. 40, 43, 611 P.2d 981, 983 (1980) (hereinafter *Real Estate Initiative*).

### B.

Petitioners argue first that the title, ballot title and submission clause, and summary all contain a substantive provision not contained in the initiative itself.

■ Specifically, the petitioners argue that the initiative submitted by Colorado Taxpayers includes only that part of the proposal setting out a new article V, section 50 of the constitution. The language concerning the repeal of the present article V, section 50[5] is mere prefatory language and not part of the initiative itself, and therefore the Board's inclusion of the words "an amendment to repeal Article V, Section 50 of the Colorado Constitution" in the title and ballot title and submission clause is improper.

At the hearing on petitioners' motion for rehearing, the Board responded to that argument as follows:

[T]he Board has to take the submission that it receives; the submission that it received indicated clearly, unequivocally,

the intention of the proponents to repeal Section 50 of Article V.... [W]e took the measure submitted and have obeyed its clear intent, whether or not the language in that measure—what part of the language of that submission included the language about repeal.

We find no error in the Board's decision.

As we have noted before, the Colorado Constitution and the statutes governing initiative submission procedures "must be liberally construed so as not to unduly limit or curtail the initiative rights of the people." *In re Second Initiated Constitutional Amendment Respecting the Rights of the Public to Uninterrupted Service by Public Employees of 1980*, 200 Colo. 141, 146, 613 P.2d 867, 870 (1980). *See also Billings v. Buchanan*, 192 Colo. 32, 35–36, 555 P.2d 176, 177–78 (1976).

Neither the constitution nor the applicable statutes prescribe the form in which an initiative must be submitted, and our adoption of a strict interpretation of what constitutes an initiative would be inconsistent with the nature of the initiative procedures. The purpose of requiring first, that the legislative council and legislative drafting office review and comment on draft initiatives, and second, that the Board formulate titles, ballot titles and submission clauses, and summaries is to ensure that non-substantive drafting defects and irregularities in form do not hinder the presentation of initiatives to the electorate, in whose hands the disposition of those initiatives rightfully belongs.

It is the meaning and intent of the initiative that must be given effect when the Board designates the title, ballot title and submission clause, and summary, and it would serve no purpose to preclude the Board from considering language in a proposal expressly stating the intent of the initiative. So long as the Board's action

---

5. **Section 50. Public funding of abortion prohibited.**

No public funds shall be used by the State of Colorado, its agencies or political subdivisions to pay or otherwise reimburse, either directly or indirectly, any person, agency or facility for the performance of any induced abortion, PROVIDED HOWEVER, that the General Assembly, by specific bill, may authorize and appropriate funds to be used for those medical services necessary to prevent the death of either a pregnant woman or her unborn child under circumstances where every reasonable effort is made to preserve the life of each. Colo. Const. art. V, § 50.

requires no interpretation of the initiative submitted and the language the Board utilizes does no more than to express the clear and unequivocal intent of the initiative's draftsmen, the title, ballot title and submission clause, and summary will not be held invalid on the basis of some purported irregularity in form.

In this case, the Board utilized the language of the initiative nearly verbatim. The inclusion of language relating to the repeal of the present article V, section 50 is necessary to reflect the clear intent of the initiative submitted to the Board. *See Real Estate Initiative*, 200 Colo. at 44, 611 P.2d at 983. Accordingly, we reject petitioners' first argument.

### C.

■ Petitioners also contend that the title, ballot title and submission clause, and summary "do not clearly express the true meaning and intent of the proposed ... constitutional amendment," § 1–40–102(3), 1B C.R.S. (1987 Supp.), because the title and ballot title and submission clause do not adequately describe the substantive provisions of the constitutional provision that would be repealed, and the summary does not identify the section to be repealed.

In *Cook v. Baker*, 121 Colo. 187, 214 P.2d 787 (1950), this court disapproved a ballot title and submission clause because it was not brief. In remanding the matter to the Board the court drafted a ballot title and submission clause which it deemed adequate. As we suggested that it be redrafted, the designation began: "An act to amend section 13 of article XII of the state Constitution, by providing for...." 121 Colo. at 194, 214 P.2d at 791. The suggested draft did not include an explanation of the existing section 13 of article XII.

Here, the Board set out in the title and ballot title and submission clause a clear statement that the initiative, if passed, would repeal an existing provision of the Colorado Constitution. Following the format suggested in *Cook v. Baker*, it did not find it necessary to describe what was contained in or covered by article V, section 50. We agree with the conclusion of the Board. There is no requirement that the provisions of the section to be repealed must be set out in the title and ballot title and submission clause. *See State Personnel System Initiative*, 691 P.2d at 1123–25.[6]

Petitioners next challenge the summary as designated by the Board, which states that the new amendment would take "the place of the existing prohibition on the use of public funds for abortions...." Petitioners contend that the summary is inadequate first, because its reference to the "existing prohibition," without indicating its constitutional status, is improper, and second, because the summary fails to advise voters that the existing article V, section 50 permits abortions under certain circumstances.

The claim that the summary is deficient because it refers to the "existing prohibition" without reference to article V, section 50 is without merit. The title and ballot title and submission clause directly refer to article V, section 50. Reading all three together, there can be no doubt that the "existing prohibition" is a reference to the language in article V, section 50.

We also disagree with petitioners' claim that the failure to explain the present article V, section 50 in the title and ballot title and submission clause renders those designations invalid.

■ The purpose of a summary is to correctly and fairly summarize the content of the proposed initiative, and the summary "is not intended to fully educate the people on all aspects of the proposed law." *To-*

---

6. In *State Personnel System Initiative*, we approved the Board's designation of a title and ballot title and submission clause for an initiative to repeal and to reenact article XII, section 13 of the constitution as amended, and to repeal article XII, section 14 of the constitution. The title designated by the Board began "AN AMENDMENT TO ARTICLE XII OF THE STATE CONSTITUTION CONCERNING THE STATE PERSONNEL SYSTEM ...," and the ballot title and submission clause utilized identical language but was stated as an interrogatory. Neither the title nor the ballot title and submission clause included a statement summarizing the existing sections 13 and 14 of article XII of the constitution.

*bacco Products Initiative*, 756 P.2d at 998. It need not set out in detail every aspect of the initiative or the provisions of a constitutional provision that would be repealed. Although the Board must act "with utmost dedication to the goal of producing documents which will enable the electorate, whether familiar or unfamiliar with the subject matter of a particular proposal, to determine intelligently whether to support or oppose such a proposal," *State Personnel System Initiative*, 691 P.2d at 1123, the Board's action is constrained by the requirement that the title, ballot title and submission clause, and summary be concise, fair and impartial.

The Board must use its discretion to determine whether it can fairly delineate or describe the law or constitutional provision to be repealed without unduly expanding the title, ballot title and submission clause, and summary, and without jeopardizing the impartiality of the designations that ultimately will be placed before the electorate. *See Say v. Baker*, 137 Colo. 155, 160, 322 P.2d 317, 320 (1958).

The documents produced by the Board need not, we have noted before, be so flawless as to constitute "models for future draftsmanship." *Drinking Age Initiative*, 691 P.2d at 1132. Moreover,

> [i]t is not the function of this court to rephrase the language of the summary and title to achieve the best possible statement of the intent of the amendment. If the chosen language fairly summarizes the intent and meaning of the proposed amendment, without arguing for or against its adoption, it is sufficient.

*Mineral Production Tax Initiative*, 644 P.2d at 25.

We are satisfied that the title, ballot title and submission clause, and summary reflect the true meaning and intent of the proposed amendment and are not otherwise unfair. Accordingly, the decision of the Board is affirmed.