**In the Matter of the TITLE, BALLOT TITLE, SUBMISSION CLAUSE AND SUMMARY CLAUSE ADOPTED APRIL 17, 1992, By the Initiative Title Setting Review Board and Pertaining to a Proposed Initiative for an Amendment to Article XVI, Section 5, Colorado Constitution, Entitled "W.A.T.E.R. II".**

**Rodney Kuharich, Buford Rice, Douglas Kemper, Roger L. O'Hara, Petitioners,**

**and**

**Honorable Robert L. Pastore and Richard G. Hamilton, and Title Setting Review Board, Honorable Natalie Meyer, Ray Slaughter, and Douglas Brown, Respondents.**

**No. 92SA177.**

**Supreme Court of Colorado, En Banc.**

**June 22, 1992.**

Anderson, Johnson & Gianunzio, Mark T. Pifher, Stephen J. Lebel, Colorado Springs, for petitioners.

Cecil L. Turner, Pueblo, for respondents Honorable Robert L. Pastore and Richard G. Hamilton.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice G. Knaizer, Deputy Atty. Gen., General Legal Services Section, Denver, for respondents Title Setting Review Bd., Honorable Natalie Meyer, Ray Slaughter, and Douglas Brown.

PER CURIAM.

Petitioners [1] challenge the title, ballot title and submission clause, and summary prepared by the Title Setting Review Board (the Board) for a proposed constitutional amendment concerning transfers of water. The respondents in this case are the proponents of the initiative [2] and the Board. The proposed constitutional amendment is provided in appendix 1, and the proposed title, ballot title and submission clause, and summary are provided in appendix 2.

The Board, in setting the title, and ballot title and submission clause, "is vested with considerable discretion." *In re Initiative Pertaining to Campaign and Political Finance*, 830 P.2d 954, 954 (Colo.1992) (citing *In re Initiative Concerning Limited Gaming in Manitou Springs, Fairplay and in Airports*, 826 P.2d 1241, 1245 (Colo. 1992)). Our review of actions taken by the Board is well established: "[W]e must not in any way concern ourselves with the mer-

---

**1.** Petitioners are Rodney Kuharich, Buford Rice, Douglas Kemper, and Roger L. O'Hara. They will be referred to as "Petitioners." Petitioners are registered electors of the State of Colorado.

**2.** The proponents of the initiative are The Honorable Robert L. Pastore and Richard G. Hamilton.

it or lack of merit of the proposed amendment, since that issue rests with the electorate." *In re Initiative Pertaining to Proposed Constitutional Amendment Entitled "W.A.T.E.R.",* No. 92SA73, slip op. at 9 (Colo. May 18, 1992) (quoting *In re Limited Gaming,* 826 P.2d at 1245 (relying on *Bauch v. Anderson,* 178 Colo. 308, 310, 497 P.2d 698, 699 (1972))).

We will indulge all legitimate presumptions in favor of the Board. *Id.* We will also give great deference to the Board's action when it exercises its drafting authority. *In re Campaign and Political Finance,* 830 P.2d at 954 (citing *In re Initiative Concerning State Personnel System,* 691 P.2d 1121, 1125 (Colo.1984)). We will only set aside Board action as invalid when the Board uses language that is clearly misleading. *Id.* (citing *In re Limited Gaming,* 826 P.2d at 1245).

Pursuant to our well-established but limited scope of review, we affirm the Board's ruling without opinion. C.A.R. 35(e) (any judgment may be affirmed without opinion); *In re Campaign and Political Finance,* 830 P.2d 954 (Colo.1992).

### APPENDIX 1

### W.A.T.E.R. AMENDMENT

### WILLINGNESS AND APPROPRIATENESS IN THE TRANSFERS AND EXPORTS OF RIVERS

ARTICLE XVI SECTION 5. Waters of Streams Public Property.

The water of every natural stream, not heretofore appropriated, within the State of Colorado, is hereby declared to be the property of the public, and the same is dedicated to the use of the people of the state, subject to appropriation as hereinafter provided. FROM AND AFTER JANUARY 1, 1992, WHENEVER A WATER COURT OF COMPETENT JURISDICTION ENTERS A FINAL DECREE ALLOWING A WATER TRANSFER FROM ANY WATER CONSERVANCY DISTRICT OR WATER CONSERVATION DISTRICT, FOR ANY USE OF SAID FINAL DECREED WATER OUTSIDE OF SUCH DISTRICT, AND SAID WATER TRANSFER REMOVES WATERS FROM A RIVER BASIN SUBJECT TO AN INTERSTATE RIVER BASIN COMPACT OR WHEN SAID TRANSFER IS OFFICIALLY CONTESTED BY THAT DISTRICT, THAT PROPOSED CHANGE IN THE USE OF WATER MUST ALSO RECEIVE THE APPROVAL OF THE MAJORITY OF THE STATUTORILY QUALIFIED ELECTORS OF THAT DISTRICT MOST DIRECTLY AFFECTED BY SUCH TRANSFER WHO ACTUALLY CAST BALLOTS AT AN ELECTION FOLLOWING SAID FINAL DECREE.

SPONSORS:

Robert Pastore

1135 Grant Street # 303

Denver, Colorado 80203

303–837–1564

Richard G. Hamilton

1135 Grant Street # 303

Denver, Colorado 80203

303–837–1564

### APPENDIX 2

### W.A.T.E.R. II

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION TO REQUIRE AN AFFIRMATIVE VOTE OF THE ELECTORS OF A WATER CONSERVATION DISTRICT OR WATER CONSERVANCY DISTRICT BEFORE WATER MAY BE TRANSFERRED OUT OF A RIVER BASIN SUBJECT TO AN INTERSTATE RIVER COMPACT OR BEFORE WATER MAY BE TRANSFERRED UNDER A DECREE WHICH THE DISTRICT OFFICIALLY CONTESTED.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION

TO REQUIRE AN AFFIRMATIVE VOTE OF THE ELECTORS OF A WATER CONSERVATION DISTRICT OR WATER CONSERVANCY DISTRICT BEFORE WATER MAY BE TRANSFERRED OUT OF A RIVER BASIN SUBJECT TO AN INTERSTATE RIVER COMPACT OR BEFORE WATER MAY BE TRANSFERRED UNDER A DECREE WHICH THE DISTRICT OFFICIALLY CONTESTED?

The summary as prepared by the Board is as follows:

This measure adds election requirements to existing requirements under Colorado water law in specific situations. It requires, in addition to a decree of a water court, that any transfer of water out of a water conservancy district or a water conservation district, which either was officially contested by the district or which results in a transfer of water out of a river basin subject to an interstate river compact, must receive the approval of a majority of the statutorily qualified electors of the district most directly affected by the transfer who cast ballots at an election following issuance of the decree.

The fiscal impact of the measure on local government's existing plans for water transfers and on owners of water rights could be significant and is indeterminate. Local governments will incur additional costs if special elections are necessary in addition to regularly scheduled elections. The measure is not expected to have any significant fiscal impact on state government.

4/1/92

Adjourned 4:19 p.m.