In the Matter of the TITLE, BALLOT TITLE AND SUBMISSION CLAUSE, AND SUMMARY FOR 1997–1998 # 77 CONCERNING POLITICAL CONTRIBUTIONS.

**Robert GREENE, Petitioner,**

v.

**Bob SCHAFFER and Shari Williams, Respondents,**

and

**Victoria Buckley, Rebecca Lennahan And Richard Westfall, Title Board.**

No. 98SA183.

Supreme Court of Colorado,
En Banc.

June 22, 1998.

---

Mark Bender, Denver, for Petitioner.

Gale A. Norton, Attorney General, Marthan Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Paul Farley, Deputy Attorney General, Maurice G. Knaizer, Deputy Attorney General, State Services Section, Denver, for the Title Board.

Shannon A. Robinson, P.C., Shannon A. Robinson, Denver, for Respondents.

PER CURIAM.

Pursuant to section 1–40–107(2), 1 C.R.S. (1997), the petitioner challenges the title, ballot title and submission clause, and the summary (collectively, "titles and summary") fixed by the initiative title setting board (the "Board") for a proposed constitutional amendment designated "1997–98 # 77" (the "Initiative"). The respondents are the proponents of the Initiative and the Board. The text of the Initiative, as well as the titles and summary, are set forth in an appendix to this opinion.

The Initiative provides that a worker has the right to "fully informed consent" before a political contribution is deducted from the

worker's paycheck. The Initiative requires a worker to submit a request to his or her employer indicating consent to the deduction and the political purpose destination of the deduction. The Initiative provides that a particular deduction request is valid for no more than one year, and immunizes employers from liability for refusing to honor a worker's request.

The petitioner challenges the Board's action on the following grounds: (1) the titles are not brief and unambiguous, (2) the titles and summary contain an impermissible catch phrase ("fully informed consent"), (3) the titles and summary fail to explain that the true intent and meaning of the Initiative is to prohibit any deduction from any worker's paycheck that will be used for political purposes, (4) the summary fails to define certain important terms, and (5) the fiscal impact statement is inadequate because it does not include information about the cost of placing the Initiative on the ballot.

We reject the petitioner's arguments, and affirm the action of the Board without opinion. *See* C.A.R. 35(e); *In re Initiative Pertaining to Proposed Constitutional Amendment Entitled "W.A.T.E.R. II"*, 831 P.2d 490, 491 (Colo.1992).

### APPENDIX

PROPOSED INITIATIVE "1997–98 # 77" [1]

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE COLORADO CONSTITUTION TO RECOGNIZE A WORKER'S RIGHT TO FULLY INFORMED CONSENT BEFORE ANY POLITICAL CONTRIBUTION IS DEDUCTED OR TAKEN FROM THE WORKER'S PAYCHECK, AND, IN CONNECTION THEREWITH, PROHIBITING CERTAIN CONTRACTS AFFECTING THAT RIGHT; REQUIRING THAT CONTRACTS WHICH PERMIT POLITICAL CONTRIBUTION PAYCHECK DEDUCTIONS COMPLY WITH THE AMENDMENT; REQUIRING THAT A WORKER'S WRITTEN POLITICAL CONTRIBUTION PAYCHECK DEDUCTION REQUEST BE SUBMITTED TO AN EMPLOYER, INDICATING THE WORKER'S CONSENT TO THE DEDUCTION, PRIOR TO ANY DEDUCTION OF A POLITICAL CONTRIBUTION FROM A WORKER'S PAYCHECK BY THAT EMPLOYER; SPECIFYING THE INFORMATION A POLITICAL CONTRIBUTION PAYCHECK DEDUCTION REQUEST MUST CONTAIN AND THE DURATION (NOT TO EXCEED ONE YEAR) OF THE REQUEST'S VALIDITY; PROHIBITING EMPLOYERS FROM MAKING A POLITICAL CONTRIBUTION PAYCHECK DEDUCTION WITHOUT THE WORKER'S FULLY INFORMED CONSENT; PROHIBITING CERTAIN ACTIONS BY EMPLOYERS RELATING TO A WORKER'S CHOICE OF MAKING OR NOT MAKING A POLITICAL CONTRIBUTION; ALLOWING EMPLOYERS TO REFUSE TO HONOR POLITICAL CONTRIBUTION PAYCHECK DEDUCTION REQUESTS WITHOUT INCURRING LIABILITY; REQUIRING EMPLOYERS THAT HONOR A POLITICAL CONTRIBUTION PAYCHECK DEDUCTION REQUEST TO FORWARD THE REQUEST TO THE DESIGNATED POLITICAL PURPOSE DESTINATION; PROHIBITING PERSONS FROM USING POLITICAL CONTRIBUTIONS OBTAINED IN VIOLATION OF THE MEASURE AND REQUIRING ANY PERSON WHO KNEW OR SHOULD HAVE KNOWN THAT A POLITICAL CONTRIBUTION WAS OBTAINED BY PAYCHECK DEDUCTION TO RECEIVE A COPY OF THE POLITICAL CONTRIBUTION PAYCHECK DEDUCTION REQUEST BEFORE USING THE POLITICAL CONTRIBUTION; SPECIFYING THE LEGAL REMEDIES AVAILABLE AND THE DAMAGES AWARDABLE FOR A VIOLATION OF THE MEASURE; AND ESTABLISHING AN EFFECTIVE DATE FOR THE AMENDMENT.

The ballot title and submission clause as designated and fixed by the Board is as follows:

1. Political Contributions.

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION TO RECOGNIZE A WORKER'S RIGHT TO FULLY INFORMED CONSENT BEFORE ANY POLITICAL CONTRIBUTION IS DEDUCTED OR TAKEN FROM THE WORKER'S PAYCHECK, AND, IN CONNECTION THEREWITH, PROHIBITING CERTAIN CONTRACTS AFFECTING THAT RIGHT; REQUIRING THAT CONTRACTS WHICH PERMIT POLITICAL CONTRIBUTION PAYCHECK DEDUCTIONS COMPLY WITH THE AMENDMENT; REQUIRING THAT A WORKER'S WRITTEN POLITICAL CONTRIBUTION PAYCHECK DEDUCTION REQUEST BE SUBMITTED TO AN EMPLOYER, INDICATING THE WORKER'S CONSENT TO THE DEDUCTION, PRIOR TO ANY DEDUCTION OF A POLITICAL CONTRIBUTION FROM A WORKER'S PAYCHECK BY THAT EMPLOYER; SPECIFYING THE INFORMATION A POLITICAL CONTRIBUTION PAYCHECK DEDUCTION REQUEST MUST CONTAIN AND THE DURATION (NOT TO EXCEED ONE YEAR) OF THE REQUEST'S VALIDITY; PROHIBITING EMPLOYERS FROM MAKING A POLITICAL CONTRIBUTION PAYCHECK DEDUCTION WITHOUT THE WORKER'S FULLY INFORMED CONSENT; PROHIBITING CERTAIN ACTIONS BY EMPLOYERS RELATING TO A WORKER'S CHOICE OF MAKING OR NOT MAKING A POLITICAL CONTRIBUTION; ALLOWING EMPLOYERS TO REFUSE TO HONOR POLITICAL CONTRIBUTION PAYCHECK DEDUCTION REQUESTS WITHOUT INCURRING LIABILITY; REQUIRING EMPLOYERS THAT HONOR A POLITICAL CONTRIBUTION PAYCHECK DEDUCTION REQUEST TO FORWARD THE REQUEST TO THE DESIGNATED POLITICAL PURPOSE DESTINATION; PROHIBITING PERSONS FROM USING POLITICAL CONTRIBUTIONS OBTAINED IN VIOLATION OF THE MEASURE AND REQUIRING ANY PERSON WHO KNEW OR SHOULD HAVE KNOWN THAT A POLITICAL CONTRIBUTION WAS OBTAINED BY PAYCHECK DEDUCTION TO RECEIVE A COPY OF THE POLITICAL CONTRIBUTION PAYCHECK DEDUCTION REQUEST BEFORE USING THE POLITICAL CONTRIBUTION; SPECIFYING THE LEGAL REMEDIES AVAILABLE AND THE DAMAGES AWARDABLE FOR A VIOLATION OF THE MEASURE; AND ESTABLISHING AN EFFECTIVE DATE FOR THE AMENDMENT?

The summary prepared by the Board is as follows:

This measure provides that a worker has the right to fully informed consent before any political contribution is deducted or taken from the worker's paycheck. The measure specifies that no contract, agreement, or waiver shall ignore, violate, or diminish a worker's right to fully informed consent and provides that any contract or agreement that permits paycheck deductions for political purposes must comply with the measure's requirements.

The measure requires that a worker who chooses to make a political contribution by paycheck deduction must submit a written request to the employer for the sole purpose of making that deduction. The written request form may be provided to the worker by any person and, prior to submittal to the employer, must be signed by the worker and indicate on its face:

- The name of the worker and employer;
- The amount and political purpose destination of the particular deduction;
- The period of time, not to exceed one year, for which the requested deduction is to be made, and
- That the worker making the request has been informed that the deduction will be used for a political contribution, that the worker need not make a political contribution, and that the worker will not receive any reward, benefit, or additional compensation for making a political contribution, or any penalty or harm for not making a contribution.

The measure prohibits an employer from deducting a political contribution from a worker's paycheck without the worker's fully

informed consent, from rewarding a worker who makes a political contribution, and from harming, penalizing, or retaliating against a worker who does not make a political contribution. The measure allows employers to refuse a political contribution paycheck deduction request without liability. An employer that honors a political paycheck deduction request must forward a copy of the request to the political purpose deduction prior to or at the same time the initial deduction is transferred.

Persons are prohibited from using political contributions that the person knows or should have known were obtained in violation of the measure and any person who knew or should have known that a political contribution was obtained by paycheck deduction must receive a copy of the political contribution paycheck deduction request before using the political contribution.

In addition to other available legal remedies, the measure allows a worker residing or doing business in Colorado, who believes a person has violated the measure, to bring an action in the appropriate court of record for injunctive relief against that person. A court that finds a violation of the measure shall award damages of not less than $1000, per violation, costs, and attorney's fees and may award punitive damages to a worker. An employer that complies with a worker's political contribution paycheck deduction request that reasonably appears to be valid shall not be liable for damages. The measure authorizes the General Assembly to adopt reasonable limitations on the time and manner of bringing such actions.

The measure defines the terms "worker", "paycheck", "political purpose", "political contribution", "political contribution paycheck deduction", "fully informed", "person", and "political purpose destination".

The effective date of the measure is the date of the Governor's proclamation, except that for employment contracts or binding collective bargaining agreements, the effective date shall be upon the next expiration of such contract or agreement.

The measure may have a negative fiscal impact on state government. The measure may increase state government costs due to an increased workload in the accounting process to implement the measure, the promulgation of rules by the state personnel board, and additional caseloads arising from alleged violations of an employee's deduction request. The amount of these additional costs is indeterminate.

The measure will not result in any fiscal impact to local governments.

Held over to Title Board hearing, April 15, 1998

Hearing adjourned April 15, 1998, 2:30 p.m.

Rehearing May 6, 1998

• Mr. Robert E. Greene motion denied

Hearing adjourned 3:30 p.m.

The text of Proposed Initiative "1997–98 # 77" is as follows:

Be it Enacted by the People of the State of Colorado:

Section 1. Amendment of the Colorado Constitution for Paycheck Protection of Workers' Rights:

Article XVIII of the Constitution of the state of Colorado is amended by the addition of a new section, to read:

"Section 14. Paycheck Protection of Workers' Rights.

"(1)(a) A worker has a right to fully informed consent before any political contribution is deducted or taken from the worker's paycheck.

"(b) No contract, agreement or waiver shall ignore, violate or diminish a worker's right to fully informed consent. Any contract or agreement which permits paycheck deductions for political purposes must comply with the requirements of this section."

"(2)(a) A worker who chooses to make a political contribution by paycheck deduction must submit a written request to the worker's own employer asking for a political contribution paycheck deduction."

"(b) A request for a political contribution paycheck deduction must be in a writing for that sole purpose. The request

writing may be provided to the worker by any person, but before the request writing is submitted to the employer, it must be signed by the worker and indicate on its face: (i) the name of the worker and employer, (ii) the amount and political purpose destination of the particular deduction, (iii) the period of time (not to exceed one year) for which the requested deduction is to be made, and (iv) that the worker making the request has been informed (A) that the deduction will be used for a political contribution, (B) that the worker need not make a political contribution, and (C) that the worker will not receive any reward, benefit or additional compensation for making a political contribution, or any penalty or harm for choosing not to make a political contribution. A request writing shall remain valid until it expires by its own terms or is revoked by the worker."

"(3)(a) No employer shall deduct or take a political contribution from a worker's paycheck without the worker's fully informed consent. No employer shall reward or benefit a worker who chooses to make a political contribution, or harm, penalize or retaliate against a worker who chooses not to make a political contribution."

"(b) An employer shall not be required to honor a request for a political contribution paycheck deduction, and shall incur no liability for refusing to do so. An employer who honors such a request shall forward a copy of the request writing to the political purpose destination indicated on the writing prior to or when the initial amount is transferred."

"(4)(a) No person shall use a political contribution which the person knew or reasonable should have known was obtained in violation of this section."

"(b) No person shall use a political contribution which the person knew or reasonably should have known was obtained by deduction from a worker's paycheck unless the person received a copy of a written political contribution paycheck deduction request under subsection (2)."

"(5)(a) In addition to any other available legal remedies, a worker residing or doing business in Colorado who believes that this section has been violated may bring a civil action in the appropriate court of record of the State of Colorado for injunctive relief against a person who allegedly is violating this section."

"(b) If a court finds that this section has been violated, the court shall award damages (in an amount not less than $1,000 for each violation), costs, and reasonable attorney's fees to the worker. The court may also award punitive damages to the worker."

"(c) No employer who complied with a request under subsection (2) above shall be liable under this subsection for such compliance if the request writing reasonably appeared to be valid and complete on its face."

"(d) The Legislature may enact reasonable limitations on the time and manner of bringing suit under this subsection."

"(6) For purposes of this section, the following terms have the following definitions:"

"(a) The term "worker" shall include, as appropriate, employees, independent contractors and members of any organization of workers, and the term "employer" shall include, as appropriate, public or private employers, contractors or organizations of workers."

"(b) The term "paycheck" shall include salary, wages, contract payments, or any other type of compensation for services or labor, whether direct, indirect or as a part of some other payment."

"(c) The term "political purposes" shall include individuals' campaigns for elective public office, political committees or organizations, independent expenditures for or against candidates, campaigns for or against initiatives and referenda, lobbying or governmental influence campaigns, and other expenditures to influence governmental legislative, administrative or executive actions or the outcomes of elections, however denominated."

"(d) The term "political contribution" means a contribution, directly or indirectly, for a political purpose."

"(e) The term "political contribution paycheck deduction" means the deduction, directly, indirectly, or as a part of some other payment, from a worker's paycheck of a specific identified amount, all or portion of which is to be used, directly or indirectly, as a political contribution."

"(f) The term "fully informed" means complying in all respects with the requirements of subsection (2)."

"(g) The term "person" includes individuals, corporations, partnerships, associations, organizations or any other entity, as appropriate."

"(h) The term "political purpose destination" means where the worker intends the amount of the deduction to be sent, as indicated by the designation on the request in subsection 2(b)(ii)."

Section 2. Effective Date:

"The effective date of this measure shall be the date of proclamation by the Governor, except that the effective date as to any employment contract or binding collective bargaining agreement for a term commencing prior to and ending after the date of final passage shall be the date of the next expiration of the contract or agreement, notwithstanding any extension, renewal or continuation rights."