In the MATTER OF the TITLE, BALLOT TITLE AND SUBMISSION CLAUSE, AND SUMMARY FOR 1997–98 No. 97 (ELECTIONS):

Samuel H. CASSIDY, Petitioner,

v.

Robert GREENE and Ernest Duran, Respondents,

and

Victoria Buckley, Rebecca Lennahan and Richard Westfall, Title Board.

No. 98SA235.

Supreme Court of Colorado, En Banc.

July 6, 1998.

Samuel H. Cassidy, pro se, Denver.

Mark Bender, Denver, for Respondents.

PER CURIAM.

Petitioner Samuel H. Cassidy (Cassidy), a registered elector acting *pro se,* appeals the order of the Title Board (Board) denying his motion for rehearing on the designation of the title, ballot title and submission clause, and summary (titles and summary) for the proposed Initiative 1997–98 # 97 (Initiative # 97).[1] Initiative # 97 would amend Article VII of the Colorado Constitution by adding a new section 13 to read:

> Every election conducted or directed by the State or any of its political subdivisions or under its auspices shall be decided by a majority of those who vote in that election, except in "run-off" elections and where a home rule city charter permits a plurality of votes cast to prevail.

Cassidy claims that: (1) the titles and summary contain more than one subject matter in violation of Article V, section 1(5.5), of the Colorado Constitution; (2) the titles fail to state that Initiative # 97 applies to elections "held under the auspices of" the state or a political subdivision thereof; and (3) the Board did not have jurisdiction to set the titles and summary because the initiative's proponents did not comply with section 1–40–105(4), 1 C.R.S. (1997).

We reject the petitioner's arguments, and affirm the action of the Board without opinion. *See* C.A.R. 35(e); *In re Initiative Pertaining to Proposed Constitutional Amendment Entitled "W.A.T.E.R. II",* 831 P.2d 490, 491 (Colo.1992).

### APPENDIX A

PROPOSED INITIATIVE 1997–98 # 97

The title as designated and fixed by the Board is as follows:

AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF COLORADO CONCERNING A MAJORITY VOTE REQUIREMENT, AND, IN CONNECTION THEREWITH, SPECIFYING THAT EVERY ELECTION CONDUCTED OR DIRECTED BY THE STATE OR ANY OF ITS POLITICAL SUBDIVISIONS SHALL BE DECIDED BY A MAJORITY OF PERSONS VOTING THEREIN, BUT MAKING AN EXCEPTION FOR RUN–OFF ELECTIONS AND MUNICIPAL ELECTIONS WHERE A HOME RULE CHARTER PERMITS A PLURALITY OF VOTES TO DECIDE AN ELECTION.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE CONSTITUTION OF THE STATE OF COLORADO CONCERNING A MAJORITY VOTE REQUIREMENT, AND, IN CONNECTION THEREWITH, SPECIFYING THAT EVERY ELECTION CONDUCTED OR DIRECTED BY THE STATE OR ANY OF ITS POLITICAL SUBDIVISIONS SHALL BE DECIDED BY A MAJORITY OF PERSONS VOTING THEREIN, BUT MAKING AN EXCEPTION FOR RUN–OFF ELECTIONS AND MUNICIPAL ELECTIONS WHERE A HOME RULE CHARTER PERMITS A PLURALITY OF VOTES TO DECIDE AN ELECTION?

The summary prepared by the Board is as follows:

This measure requires that every election conducted by the state or any of its political subdivisions or under its auspices be decided by a majority of persons voting in such election; however, it permits a plurality of votes to decide a run-off election or a municipal election where a home rule charter allows for victory by a plurality.

The enactment of the measure could have a significant fiscal impact on local governments, though the extent of such fiscal impact is indeterminate. This fiscal impact could result from the costs of holding a run-off election whenever a candidate does not receive a majority of votes in the regular election, or from a municipality's costs in amending its charter so as to exempt itself

1. The titles and summary are attached to this opinion as Appendix A.

from the majority vote requirement. There could also be significant legal costs involved in reconciling the measure with actual elections.

Hearing Adjourned May 20, 1998, 2:20 p.m.

May 29, 1998

● Samuel H. Cassidy Motion for Rehearing denied

Hearing Adjourned 4:00 p.m.

