No. 19,525.

MARIAN I. DYE *v.* GEORGE J. BAKER, SECRETARY OF STATE, ET AL.

(354 P. [2d] 498)

Decided July 21, 1960.

Messrs. HENRY & KEATING, for petitioner.

Mr. DUKE W. DUNBAR, Attorney General, Mr. JOHN W. PATTERSON, Assistant, for respondent members of the Statutory Board.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN this original proceeding petitioner seeks review of the action of the Secretary of State, the Attorney General and the Reporter of the Supreme Court in fixing the ballot title and submission clause to a proposed initiative amendment to the Constitution of Colorado.

In brief, the proposed Constitutional Amendment makes lawful certain gambling games and devices, upon the issuance of licenses therefor, provides for the administration of the act and the disposition of fees received by the state and certain penalties for violations of the act. We do not deem it necessary to recite the several provisions of the proposal, which is more in the form of a legislative enactment than a proposed Constitutional Amendment, and appears to be a copy of the Nevada legislative enactment authorizing gambling in that state. The proposed amendment comprises some seventy-three separate paragraphs.

The Secretary of State, Attorney General and Supreme Court Reporter, pursuant to C.R.S. '53, 70-1-1, prepared a ballot title and submission clause to which petitioner made objections before this Board. The objections were overruled and pursuant to statute petitioner seeks review in this original proceeding.

The ballot title prepared by the Board is as follows:

"AN ACT TO AMEND ARTICLE XVIII OF THE STATE CONSTITUTION MAKING LAWFUL UPON PROCURING LICENSES THEREFOR, THE OPERATION OF GAMBLING GAMES AND DEVISES AND PROVIDING FOR THE ADMINISTRATION THEREOF."

The submission clause provided by the Board reads as follows:

"AN ACT TO AMEND ARTICLE XVIII OF THE

STATE CONSTITUTION MAKING LAWFUL UPON PROCURING LICENSES THEREFOR, THE OPERATION OF GAMBLING GAMES AND DEVISES; PROVIDING FOR THE DISPOSITION OF REVENUES, AND CREATING A STATE GAMING COMMISSION AND A STATE GAMING CONTROL BOARD."

Petitioner does not suggest a ballot title or submission clause. The core of her objections to those determined by the Board is thus stated: "Although the proposed Constitutional Amendment apparently legalizes certain types of gambling without a license, the ballot title and submission clause does not so indicate and apparently negatives this by reason of the provision of the ballot title and submission clause, stating that the amendment provides for the 'making lawful upon the procuring of licenses therefor' the operation of gambling games and devices."

The submission clause is the one that appears on the ballot at the election and upon which the electorate may vote for or against the proposed amendment. It should fairly and succinctly advise the voters what is being submitted, so that in the haste of an election the voter will not be misled into voting for or against a proposition by reason of the words employed. We realize that the Board had nothing of this kind in view in fixing the submission clause. However, in order to make it plain to the voters the exact import of the proposal, instead of couching the proposal in legalistic language, similar to other proposed amendments, we must disapprove the submission clause as determined by the Board.

We conclude the following to be adequate and in compliance with the law:

"AN ACT MAKING LAWFUL THE OPERATION OF CERTAIN GAMBLING GAMES AND DEVICES UPON PROCUREMENT OF LICENSES THEREFOR BY AMENDING ARTICLE XVIII OF THE COLORADO CONSTITUTION; PROVIDING FOR A STATE GAM-

ING COMMISSION AND A STATE CONTROL BOARD TO ADMINISTER THIS ACT; FEES FOR THE LICENSES PROVIDED FOR AND DISPOSITION OF THE FEES REALIZED FROM LICENSED OPERATIONS AND PENALTIES FOR THE VIOLATION OF THIS ACT."

Accordingly the matter is remanded to the Board with instructions to revise the submission clause in accordance with the foregoing.

MR. JUSTICE HALL and MR. JUSTICE DAY not participating.