823 P.2d 1353 (1991)
In the Matter of the TITLE, BALLOT TITLE, SUBMISSION CLAUSE, AND SUMMARY, ADOPTED AUGUST 26, 1991, PERTAINING TO the PROPOSED INITIATIVE ON EDUCATION TAX REFUND.
Timothy Francis Koch, Petitioner, and
Citizens for Educational Reform, Respondents, and
Charles Pike and Raymond Slaughter, Title Setting Board.
No. 91SA323.
Supreme Court of Colorado, En Banc.
December 3, 1991.
As Modified on Denial of Rehearing January 13, 1992.
*1354 Timothy F. Koch, pro se.
Respondents not appearing.
Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice Knaizer, Deputy Atty. Gen., Denver, for Title Setting Bd.
Justice ERICKSON delivered the Opinion of the Court.
Timothy Francis Koch, the proponent of an initiative petition, pursuant to section 1-40-101(3), 1B C.R.S. (1980), requests review of the validity of the title, submission clause, and summary set by the Title Setting Board (Title Board)[1] for a proposed amendment to the Colorado Constitution concerning an income and property tax refund account for students no longer attending school in Colorado. The title, submission clause, and summary, as well as the text of the initiative, are included as appendicies to this opinion. We affirm the decision of the Title Board approving the title, submission clause, and summary of the proposed constitutional amendment.

I
Koch, along with his cosponsor, Mary Stephens, submitted a proposed amendment to Article IX, Section 17 of the Colorado Constitution to the secretary of state. The initiative proposal relates to the establishment of a refund account for state and county taxes so that tax dollars which have been earmarked for the education of a student residing in a given school district may, if the student attends an out-of-district or private school, "follow" the student. The Title Board held a hearing at which it set the title, submission clause, and summary for the initiative. Koch filed a motion for rehearing. The Title Board granted Koch a rehearing and, after listening to Koch's comments on the matter, made certain changes to the title and submission clause. Koch filed a pro se petition in this court challenging the decision of the Title Board in setting the title, submission clause, and summary at the rehearing. Thereafter, to satisfy the statutory requirement that the motion for rehearing be overruled, Koch filed a transcript of the Title Board rehearing.

II
Article V, Section 1(2) (1991 Supp.) of the Colorado Constitution provides that the people reserve the right to propose state legislation and constitutional amendments by initiative petition. The proponents of an initiative petition must first submit an original draft for review and comment to the directors of the legislative council and the office of legislative legal services. § 1-40-101(1), 1B C.R.S. (1991 Supp.). No later than two weeks after the date of submission, comments concerning the format or contents of the petition are released at an open public meeting. Id. After the meeting, the draft is submitted to the secretary of state who sits on a board with the attorney general and the director of the office of legislative legal services or the director's designee. § 1-40-101(2), 1B C.R.S. (1991 Supp.). It is the duty of the board to
prepare a clear, concise summary of the proposed law or constitutional amendment. The summary shall be true and impartial and shall not be an argument, nor likely to create prejudice, either for or against the measure.... In setting a title, the board shall consider the public confusion that might be caused by misleading titles and shall, whenever practicable, avoid titles for which the general understanding of the effect of a "yes" or "no" vote will be unclear.... Ballot titles shall be brief, shall not conflict with those selected for any petition previously filed for the same election, and shall be *1355 in the form of a question which may be answered "yes" or "no" and which shall unambiguously state the principle of the provision sought to be added, amended, or repealed.
Id. The purpose of the title setting process is to ensure that both persons reviewing an initiative petition and the voters are fairly and succinctly advised of the import of the proposed law. Dye v. Baker, 143 Colo. 458, 460, 354 P.2d 498, 500 (1960). During an election, the wording of the title, submission clause, and summary for an initiative on the ballot should not mislead voters into voting for or against a proposition. Id. The board must also be cognizant of the need for brevity. See Cook v. Baker, 121 Colo. 187, 193, 214 P.2d 787, 790 (1950) (disapproving a 369 word submission clause for a proposed amendment containing 505 words). The board is not required to describe every nuance and feature of the proposed measure. In re Proposed Initiative Concerning "State Personnel System", 691 P.2d 1121, 1124 (Colo.1984).
Our review of the Title Board's action is limited by the following principles: (1) We should not address the merit of the proposed initiative; (2) all legitimate presumptions must be resolved in favor of the board; (3) a board-prepared title should only be invalidated in a clear case; (4) unless clearly misleading, we should not interfere with the board's choice of language; and (5) we should not interpret the meaning of the proposed language or suggest how it will be applied if adopted by the electorate. See In re Proposed Initiative on Surface Mining, 797 P.2d 1275, 1278-79 (Colo.1990); In re Proposed Initiative Under the Designation "Tax Reform", 797 P.2d 1283, 1288-89 (Colo.1990). Our duty is to ensure that the title, submission clause, and summary fairly reflect the proposed initiative and will not mislead the signers of the initiative petition and, if the petition results in the measure appearing on the ballot, the voters. Initiative on Surface Mining, 797 P.2d at 1279.

III
Prior to reaching the merits of Koch's claim, we address the procedural posture of this action. The initiative statutes provide two methods for challenging a title, submission clause, and summary. If the proponents of an initiative are not satisfied with the title, submission clause, and summary provided by the board they may move for a rehearing. Section 1-40-101(3). If the motion is overruled, the proponents may file the action with the supreme court. Id. Similarly, under section 1-40-102(3)(a) any registered elector who is not a proponent and who is not satisfied with the board's action may move for a rehearing and, if the motion is overruled, may file the action with the supreme court. For proponents or a qualified elector to successfully challenge the board's action under sections 1-40-101(3) and 1-40-102(3)(a) the title, submission clause, and summary must be either unfair or found to not "clearly express the true meaning and intent" of the proposed initiative. Pursuant to sections 1-40-101(3) and 1-40-102(3)(a), an appeal to the supreme court must be accompanied by a certified copy of the initiative petition with the title, submission clause, and summary set by the board, together with a certified copy of the motion for rehearing and the board's ruling on the motion. The supreme court may either affirm the action of the board or reverse and remand the action with instructions pointing out the board's error. Sections 1-40-101(3), -102(3)(a).
It is unclear whether Koch filed the present action under section 1-40-102(3)(a) or 1-40-101(3). In his brief, Koch states, "The petitioner, under 1-40-102(3), [1B] C.R.S. [(1991 Supp.)], has appealed to the Colorado Supreme Court so the Title Board's action will be reversed and `the Court shall remand it with instructions, pointing out where[in] the board is in error.' (1-40-101(3).)" Petitioner's Brief at 1. Since Koch is a proponent of the initiative, however, he may only file under section 1-40-101(3). While we note that both sections provide essentially the same procedure, for purposes of this opinion we will assume that Koch made a section 1-40-101(3) filing even though the petition is stated to be under section 1-40-102(3).
*1356 Before we will hear an appeal on an initiative petition, a proponent, pursuant to section 1-40-101(3), must have filed a motion for rehearing and the board must have overruled the motion. The necessary filing in this court must include a ruling on the motion for rehearing. Such a filing did not accompany Koch's petition for review. We held the action in abeyance until Koch filed a certified copy of the ruling on the motion for rehearing. Koch responded by filing a document entitled "Ruling on the Motion of Rehearing," which was merely a cover page with a certified copy of the transcript of the Title Board's rehearing attached. A review of the transcript casts doubt on whether Koch's motion for rehearing was overruled.[2] The Title Board appears not only to have granted Koch's motion, but also appears to have made virtually every change to the title and submission clause requested by Koch. Nevertheless, since the Title Board treated its ruling as appealable, and since the Attorney General has not questioned Koch's right to review in the supreme court, we will not address the jurisdictional issue and we review the merits of Koch's petition.

IV
Koch challenges the Title Board's construction of the title and use of the title in the submission clause by claiming that it is confusing and will mislead the public. The title at issue characterizes the initiative as
AN AMENDMENT TO THE COLORADO CONSTITUTION TO REQUIRE THE CREATION OF A REFUND ACCOUNT AND TO REQUIRE REFUNDS OF TAXES PAID FOR EDUCATING STUDENTS NO LONGER ATTENDING SCHOOL IN COLORADO; TO REQUIRE THAT STATE AND COUNTY TAXES FOLLOW STUDENTS ENROLLED IN [ANOTHER][3] PUBLIC OR NON-PUBLIC SCHOOL WITHIN THEIR RESIDENT SCHOOL DISTRICT; AND TO REQUIRE THAT STATE TAXES FOLLOW STUDENTS ENROLLED IN PUBLIC AND NON-PUBLIC SCHOOLS OUTSIDE THEIR RESIDENT SCHOOL DISTRICT AND FOR COUNTY TAXES FOR SUCH STUDENTS TO BE REFUNDED TO DISTRICT TAXPAYERS.
The submission clause adds the words "Shall there be" to the beginning of the title and places a question mark at the end.
Koch claims that the first clause misleads the public because it doesn't (1) state which taxpayers will receive a refund, (2) explain the purpose of the refund, (3) state if refunds are paid only for a student no longer attending school in Colorado, and (4) fails to explain the mechanism of the refund *1357 account. Koch attacks the second clause for failing to state (1) that the amount of taxes to be set aside is the amount funded for each student, and (2) that a student must apply and be accepted to an option school before funds will be deposited in the refund account. Koch finally contends that the third clause fails to adequately explain the differing treatment of state and county taxes and fails to mention which specific taxes will "follow" the student.
Certain of Koch's claims go too far. For example, Koch contends the title misleads the public because it fails to provide specific tax information. He reasons such information is necessary because "there are several different categories of state taxes." Petitioner's Brief at 4. The tax allocation scheme of the proposed initiative, however, only mentions state and county taxes and offers no guidance as to more specific state tax categories. In effect, Koch insists the Title Board provide a title that includes more information than is contained in the initiative. To do so would exceed the board's statutory powers.
The Title Board's statutory mandate is that it "shall, whenever practicable, avoid titles for which the general understanding of the effect of a "yes" or "no" vote will be unclear." Section 1-40-101(2). It is not "practicable" when such clarity demands adding provisions to an initiative to reflect what the proponent insists was the "true intent" of the proposed amendment. Koch maintains that he apprised the Title Board of the true intent of the statute at the rehearing. The transcript of the hearing shows that even Koch was aware of the inherent ambiguity of some of the initiative's wording.[4] The Title Board can only go so far in an attempt to "unambiguously state the principle" of an ambiguously worded provision. The record shows the Title Board listened to each of Koch's objections to the prior title and submission clause and attempted to incorporate each of Koch's suggestions.
Koch further insists the initiative contains several complicated issues and, as a result, the Title Board should be precluded from attempting to keep the title brief. His argument is without merit. Section 1-40-101(2) mandates that ballot titles be brief. See also Cook v. Baker, 121 Colo. 187, 193, 214 P.2d 787, 790 (1950). Koch must address his dissatisfaction with the initiative statute to the General Assembly.
Comparing the wording of the initiative with the title prepared by the Title Board, we find that the title is not clearly misleading. While there may be some ambiguity in the title's wording, the ambiguity is traceable to the initiative, and we will not interfer with the Title Board's choice of language. Since all legitimate presumptions must be resolved in favor of the Title Board, we affirm the Title Board's action in setting the title, submission clause, and summary for the proposed initiative.

APPENDIX A

AMENDMENT TO THE COLORADO CONSTITUTION

Amendment to Article IX of the Constitution, Section 17
The general assembly shall enact a law beginning for the school year 1993-94 establishing a Taxpayers' state and county refund account for taxpayers who filed an income tax return and/or paid property taxes. For every student who is counted and funded by the taxpayers' money for each school year, but is no longer attending any public or non-public school in Colorado, school districts shall deposit in state and county Taxpayers' Refund Accounts, as established by the legislature, that portion of *1358 the amount funded for the student from the time the student withdrew school attendance in that district. All state and county tax monies received by a school district for the education of any student shall follow the student to his/her public, or non-public school of option in the same resident district to which the student has applied and been accepted. The state portion of monies received by school districts for the education of a student shall follow that student to his/her public or non-public school of option outside of the resident district to which he/she has applied and been accepted, with county tax monies refunded to taxpayers within the resident district. School districts are responsible for informing students and parents of this law. The State Department of Education shall keep records of the number of students who were funded in Colorado schools and have transferred from district to district, to non-public schools, transferred within districts, or transferred out of state. The State Department of Education shall make these statistics available to the taxpayers annually. This law will supercede section 7 of Article IX to the extent it is in conflict with section 17. The General Assembly shall establish and implement the Taxpayers' Refund Account, as well as provide all the necessary mechanisms needed to fulfill this amendment.
OBJECTIVES:
1. To increase accountability by the school districts to the taxpayers for money received for the education of students.
2. To reduce the dropout rate of public school students.
3. To provide an option of schools for parents and students to allow tax money to follow the student to any public or non-public school in Colorado.
4. To prevent school districts from retaining and return to taxpayers monies of students who were funded at a public school and are no longer attending school anywhere.
5[.] To lower the cost of education through increased competition, creating greater diversity in schools, increasing cooperation among public and non-public schools, and providing quality education.
6. To give kids a better chance to learn.
SPONSORS:
Mr. Timothy Koch [address and phone number omitted]
Ms. Mary Stephens [address and phone number omitted]

APPENDIX B

PROPOSED INITIATIVE FOR "EDUCATION TAX REFUND"
The title as designated and fixed by the Board at a rehearing is as follows:
AN AMENDMENT TO THE COLORADO CONSTITUTION TO REQUIRE THE CREATION OF A REFUND ACCOUNT AND TO REQUIRE REFUNDS OF TAXES PAID FOR EDUCATING STUDENTS NO LONGER ATTENDING SCHOOL IN COLORADO; TO REQUIRE THAT STATE AND COUNTY TAXES FOLLOW STUDENTS ENROLLED IN [ANOTHER][5] PUBLIC OR NON-PUBLIC SCHOOL WITHIN THEIR RESIDENT SCHOOL DISTRICT; AND TO REQUIRE THAT STATE TAXES FOLLOW STUDENTS ENROLLED IN PUBLIC AND NON-PUBLIC SCHOOLS OUTSIDE THEIR RESIDENT SCHOOL DISTRICT AND FOR COUNTY TAXES FOR SUCH STUDENTS TO BE REFUNDED TO DISTRICT TAXPAYERS.
The ballot title and submission clause as designated and fixed by the Board at a rehearing is as follows:
SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION TO REQUIRE THE CREATION OF A REFUND ACCOUNT AND TO REQUIRE REFUNDS OF TAXES PAID FOR EDUCATING STUDENTS NO LONGER ATTENDING SCHOOL IN COLORADO; TO *1359 REQUIRE THAT STATE AND COUNTY TAXES FOLLOW STUDENTS ENROLLED IN ANOTHER PUBLIC AND [sic] NON-PUBLIC SCHOOL WITHIN THEIR RESIDENT SCHOOL DISTRICT; AND TO REQUIRE THAT STATE TAXES TO [sic] FOLLOW STUDENTS ENROLLED IN PUBLIC AND NON-PUBLIC SCHOOLS OUTSIDE THEIR RESIDENT SCHOOL DISTRICT AND FOR COUNTY TAXES FOR SUCH STUDENTS TO BE REFUNDED TO DISTRICT TAXPAYERS?
The summary prepared by the Board at a rehearing is as follows:
This measure requires the enactment of a law which establishes, beginning in the 1993-94 school year, a state and county refund account for taxpayers who filed income tax returns or paid property taxes. State and county taxes paid for students who were counted and funded for a school year but are no longer attending school in Colorado are required to be refunded to taxpayers through such refund accounts.
The measure mandates that state and county tax moneys received by a school district follow a student to any public or non-public school of option in the same school district. It also requires that the state share of school finance moneys follow a student to any public or non-public school of option in another school district while the county taxes for such students are refunded to taxpayers within the resident school district.
This measure requires the State Department of Education to keep records concerning the number of students funded in Colorado public schools who transferred: 1) To another public school within the same school district or within a different school district; 2) to a non-public school; or 3) out of the state. The measure supersedes the constitutional prohibition against governmental aid to private schools or churches or for sectarian purposes to the extent the measure conflicts with said prohibition.
The total amount of the fiscal impact of the entire measure is indeterminate. Because of school dropouts, school districts could lose between $3 million and $20 million dollars annually. The reporting requirements would cost the state $1.25 million dollars annually.
NOTES
[1] The Title Board considered the ballot title and submission clause as a single unit. To avoid confusion, this opinion will refer to the ballot title and submission clause as one unit, the "submission clause."
[2] First, the Title Board apparently granted Koch's motion:

RAY[MOND] SLAUGHTER: Mr. Pike, at this time I move that we indeed grant the motion to rehear the matter we heard the other day considering the amendment to Article 9 of the Colorado Constitution, Section 17, proponent, Mr. Timothy Koch.
CHARL[ES] PIKE: I am in agreement with that motion and for purposes of getting that issue behind us, I will vote[ ] [y]es.
RAY[MOND] SLAUGHTER: [A]s will I[.]
Second, during the hearing that followed, the Title Board listened to and incorporated Koch's suggestions for improving the title and the submission clause. At the end of the hearing, Slaughter recited the substantially changed submission clause, then Pike asked, "With that rather lengthy motion, Mr. Koch[,] any thoughts on that[?]" Koch responded, "Okay." After voting to adopt the new wording, Pike asked, "[D]o you have any last thoughts for us, Mr. Koch[?]" Koch said, "I guess the only though[t] I had is that itsI feel it's at least better than what it was." This last equivocal statement is the only hint that Koch was dissatisfied with the Title Board's action.
Finally, Pike informed Koch,
Before I adjourn I want to be[ ] sure that you are aware of your rights with respect to appeal from our decision with respect to this rehearing that you can take that to the [s]upreme [c]ourt on an expedited fashion in accordance with the statutes within five days I believe of this period.
In sum, despite the fact that the board specifically stated that it was granting Koch's motion for rehearing and despite the fact that Koch was apparently in agreement with the board action, the board characterized its ruling as appealable to this court.
[3] Although the word "another" does not appear on the certified copy of the title, it was discussed and adopted by the Board at the rehearing. The word is also contained in the submission clause of the certified copy.
[4] TIMOTHY KOCH: One of the things I wanted to do ... was to sorta explain, "follow", I think, had alot [sic] of different meanings and that was one of the original terms I've always used[.]

RAY[MOND] SLAUGHTER: Right[.]
TIMOTHY KOCH: But, I felt that at that point I needed to sort of explain the "follow" to make sure they knew exactly what "follow" meant and that's when I said, "it shall follow a student to any public or non-public school.["] What you guys have said, you know, I guess I just tried to expand on it. I wanted to make sure that everyone knew exactly where the money was gonna go....
[5] See supra note 3.