In the Matter of the TITLE, BALLOT TITLE AND SUBMISSION CLAUSE, AND SUMMARY FOR 1997–98 # 112 (LIVESTOCK OPERATIONS).

Tamara SMITH and Sue Sheridan Jarrett, Petitioners,

v.

Charles R. BOGAN and Earl H. Miner, II, Respondents,

and

Victoria Buckley, Rebecca Lennahan, and Richard Westfall, Title Board.

No. 98SA229.

Supreme Court of Colorado.
En Banc.

June 29, 1998.

Isaacson, Rosenbaum, Woods & Levy, P.C., Mark G. Grueskin, Melissa K. Thompson, Denver, Brownstein, Farber, Hyatt & Strickland, P.C., Wayne Forman, Denver, for Petitioners.

John Berry, Denver, for Respondents.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Paul Farley, Deputy Attorney General, Maurice G. Knaizer, Deputy Attorney General, State Services Section Denver, for the Title Board.

PER CURIAM.

Pursuant to section 1–40–107(2), 1 C.R.S. (1997), the petitioners challenge the title, ballot title and submission clause, and the summary fixed by the initiative title setting board ("Title Board") for a proposed constitutional amendment designated "1997–98 # 112 (Livestock Operations)." The respondents are the proponents of the initiative and the Title Board. The text of the initiative, as well as the titles and summary, are set forth in an appendix to this opinion.

The initiative proposes to amend the Colorado Constitution to provide that state laws and regulations concerning all livestock operations shall be uniform and based upon the similarity in the potential impact on the environment of all such livestock operations. It further provides that any state law or regulation that does not treat livestock operations that bear similar potential impacts on the environment in a uniform matter shall be unconstitutional.

The petitioners challenge the Title Board's action on the following grounds: (1) the initiative violates the single-subject requirement found in Article V, section 1(5.5) of the Colorado Constitution because the initiative invalidates existing laws and regulations in addition to creating uniformity requirements for laws and regulations to be enacted in the future; (2) the summary contains two impermissible catch phrases ("protect the environment and human health," and "strict and uniform application of the laws"); (3) the titles and summary are misleading because the phrase, "any state law or regulation," refers to all laws and regulations in the state, including those enacted at the local level; (4) the titles are misleading because they repeatedly refer to the "uniform" application of laws when exemptions exist to the uniformity requirement; (5) the titles are misleading because the initiative uses the word "distinction" to refer to exemptions; (6) the fiscal impact statement states that there will be no fiscal impact on the state when some correspondence from the Office of State Planning and Budgeting indicates that the initiative may have an impact in the future.

We reject the petitioner's arguments, and affirm the action of the Board without opinion. *See* C.A.R. 35(e); *In re Initiative Pertaining to Proposed Constitutional Amendment Entitled "W.A.T.E.R. II"*, 831 P.2d 490, 491 (Colo.1992).

### APPENDIX

### "PROPOSED INITIATIVE 1997–98 # 112" [1]

The title as designated and fixed by the Board is as follows:

1. Livestock Operations

▆▆▆▆

AN AMENDMENT TO THE COLORADO CONSTITUTION REQUIRING THE UNIFORM APPLICATION OF LAWS TO LIVESTOCK OPERATIONS, AND, IN CONNECTION THEREWITH, MANDATING THAT LAWS AND REGULATIONS CONCERNING LIVESTOCK OPERATIONS BE UNIFORM AND BASED UPON THE SIMILARITY IN THE POTENTIAL IMPACT ON THE ENVIRONMENT OF THE LIVESTOCK OPERATION; MAKING UNCONSTITUTIONAL ANY STATE LAW OR REGULATION THAT DOES NOT TREAT LIVESTOCK OPERATIONS UNIFORMLY BASED UPON THE SIMILARITY IN THE POTENTIAL IMPACT ON THE ENVIRONMENT OF THE LIVESTOCK OPERATION; ALLOWING THE GENERAL ASSEMBLY TO MAKE A DISTINCTION BETWEEN LIVESTOCK FEEDING ON THE RANGE AND LIVESTOCK FEEDING IN A CONCENTRATED ANIMAL FEEDING OPERATION; PERMITTING THE GENERAL ASSEMBLY TO MAKE A DISTINCTION BETWEEN CONCENTRATED ANIMAL FEEDING OPERATIONS THAT ARE SMALLER THAN ONE THOUSAND ANIMAL UNITS AND THOSE THAT ARE LARGER THAN ONE THOUSAND ANIMAL UNITS; SPECIFYING THAT ONE ANIMAL UNIT BE CONSIDERED TO BE A COW AND ALL OTHER LIVESTOCK TO BE FRACTIONS OF A COW AS DETERMINED BY THE GENERAL ASSEMBLY; AND DEFINING LIVESTOCK AS CATTLE, SHEEP, GOATS, SWINE, MULES, POULTRY, HORSES, AND ALL OTHER ANIMALS RAISED OR KEPT FOR PROFIT.

The ballot title and submission clause as designated and fixed by the Board is as follows:

SHALL THERE BE AN AMENDMENT TO THE COLORADO CONSTITUTION REQUIRING THE UNIFORM APPLICA-

TION OF LAWS TO LIVESTOCK OPERA-TIONS, AND, IN CONNECTION THERE-WITH, MANDATING THAT LAWS AND REGULATIONS CONCERNING LIVE-STOCK OPERATIONS BE UNIFORM AND BASED UPON THE SIMILARITY IN THE POTENTIAL IMPACT ON THE ENVIRONMENT OF THE LIVESTOCK OPERATION; MAKING UNCONSTITU-TIONAL ANY STATE LAW OR REGULA-TION THAT DOES NOT TREAT LIVE-STOCK OPERATIONS UNIFORMLY BASED UPON THE SIMILARITY IN THE POTENTIAL IMPACT ON THE EN-VIRONMENT OF THE LIVESTOCK OP-ERATION; ALLOWING THE GENERAL ASSEMBLY TO MAKE A DISTINCTION BETWEEN LIVESTOCK FEEDING ON THE RANGE AND LIVESTOCK FEED-ING IN A CONCENTRATED ANIMAL FEEDING OPERATION; PERMITTING THE GENERAL ASSEMBLY TO MAKE A DISTINCTION BETWEEN CONCEN-TRATED ANIMAL FEEDING OPERA-TIONS THAT ARE SMALLER THAN ONE THOUSAND ANIMAL UNITS AND THOSE THAT ARE LARGER THAN ONE THOUSAND ANIMAL UNITS; SPECIFY-ING THAT ONE ANIMAL UNIT BE CON-SIDERED TO BE A COW AND ALL OTH-ER LIVESTOCK TO BE FRACTIONS OF A COW AS DETERMINED BY THE GEN-ERAL ASSEMBLY; AND DEFINING LIVESTOCK AS CATTLE, SHEEP, GOATS, SWINE, MULES, POULTRY, HORSES, AND ALL OTHER ANIMALS RAISED OR KEPT FOR PROFIT? The summary prepared by the Board is as fol-lows:

The measure amends article XVIII of the Colorado constitution by the addition of a new section 14.

It declares that animals raised for com-mercial purposes are vital to Colorado's economy and quality of life; that increased demand for animals used for commercial pur-poses may negatively impact water and air quality in Colorado; and that this section of the Colorado constitution be interpreted broadly and liberally to protect the environ-ment and human health and to ensure the strict and uniform application of laws con-cerning livestock operations.

The measure requires that laws and regu-lations concerning livestock operations be uniform and based on the similarity in their potential impact on the environment and de-clares unconstitutional any state law or regu-lation that does not treat such livestock oper-ations uniformly.

It defines "livestock" as cattle, sheep, goats, swine, mules, poultry, horses, and all other animals raised or kept for profit.

The measure allows the General Assembly to distinguish between range feeding and concentrated feeding of livestock as well as between concentrated feeding operations that have more or fewer than 1,000 animal units. It specifies that one animal unit is a cow and all other livestock are considered as fractions of a cow as determined by the General As-sembly.

The Department of Local Affairs and the Office of State Planning and Budgeting have determined that the measure would have no fiscal impact on the state or local govern-ments.

Hearing adjourned, May 20, 1998, 5:28 p.m.

May 29, 1998.

- Tamara Smith and Sue Sheridan Jar-rett Motion for Rehearing Granted in Part, Denied in Part.

Hearing adjourned 12:30 p.m.

The text of the Proposed Initiative "1997–98 # 112" is as follows:

Be it Enacted by the People of the State of Colorado:

Article XVIII of the Colorado Constitution, is amended BY THE ADDITION OF A NEW SECTION to read:

**Section 14. Environmental protec-tion—protection of human health and the environment—uniform livestock opera-tions—declaration.** (1) We the People of Colorado do hereby find, determine, and de-clare that animals raised in this state for commercial purposes are vital to the state's economy and our quality of life. However, because of the increased demand for animals used for commercial purposes, the water

quality of Colorado's groundwater, rivers, streams, and lakes and the air we breathe may be impacted. Therefore, it is the intent of the People of Colorado that this section be interpreted broadly and liberally for furthering the goals of protecting the environment and human health and for the strict and uniform application of laws concerning livestock operations.

(2) Laws and regulations concerning all livestock operations shall be uniform and based upon the similarity in the potential impact on the environment of all such livestock operations. Any state law or regulation which does not treat livestock operations which bear similar potential impacts on the environment in a uniform matter shall be unconstitutional.

(3) For purposes of this section "livestock" means cattle, sheep, goats, swine, mules, poultry, horses, and all other animals raised or kept for profit.

(4) The general assembly may make a distinction between livestock feeding on the range and livestock feeding in a concentrated animal feeding operation. The general assembly may also make a distinction between concentrated animal feeding operations which are smaller than one thousand animal units and those which are larger. One animal unit shall be considered to be a cow and all other livestock shall be considered fractions thereof as determined by the general assembly.

SCOTT and KOURLIS, JJ., do not participate.