Joseph B. BLAKE, Objector, Petitioner

v.

Joanne KING and Larry Ellingson, Proponents, Respondents

and

William A. Hobbs, Daniel L. Cartin, and Daniel Domenico, Title Board.

No. 08SA91.

Supreme Court of Colorado, En Banc.

May 23, 2008.

Fairfield & Woods, P.C., Douglas J. Friednash, John M. Tanner, Susan J. Fisher, Denver, Colorado, Attorneys for Petitioner.

Isaacson Rosenbaum, P.C., Mark G. Grueskin, Denver, Colorado, Attorney for Respondents.

John W. Suthers, Attorney General, Maurice G. Knaizer, Deputy Attorney General, Denver, Colorado, Attorneys for Title Board.

Justice EID delivered the Opinion of the Court.

Petitioner Joseph B. Blake, a registered elector, brought this appeal under section 1–40–107(2), C.R.S. (2007), to review the action of the Ballot Title Setting Board (the "Title Board") with respect to setting of the title, ballot title, and submission clause for Proposed Initiative 2007–2008 # 57 ("Initiative # 57") (unofficially captioned by legislative staff, for tracking purposes, "Criminal and Civil Liability for Businesses and Individuals for Business Activities").[1] Initiative # 57, if enacted, would amend section 18–1–606, C.R.S. (2007), to extend the existing criminal liability of business entities to include their "agents" or "high managerial agents." It further creates a private cause of action against any business entity, agent, or high managerial agent for civil damages stemming from criminal conduct, and it provides an affirmative defense for individuals.

We conclude that Initiative # 57 contains a single subject in accordance with the Colorado Constitution. Further, we find that the titles set by the Title Board are fair and accurate, and do not contain an impermissible catch phrase. Finally, we determine that

because the proponents' amendments to the measure were made in direct response to comments from the directors of the Legislative Council, the initiative was not required to be resubmitted to the directors and the Office of Legislative Legal Services prior to its submission to the Title Board. Accordingly, we affirm the action of the Title Board.

## I.

Section 18–1–606, C.R.S. (2007), as it now stands, provides that a business entity may be criminally liable for certain conduct. Specifically, it states that a business entity is guilty of an offense if "[t]he conduct constituting the offense consists of an omission to discharge a specific duty of affirmative performance imposed on the business entity by law" or if:

[t]he conduct constituting the offense is engaged in, authorized, solicited, requested, commanded, or knowingly tolerated by the governing body or individual authorized to manage the affairs of the business entity or by a high managerial agent acting within the scope of his or her employment or in behalf of the business entity.

§ 18–1–606(1).

Initiative # 57 seeks to amend section 18–1–606 by extending criminal liability of business entities to include individuals who are agents or high managerial agents of the business.[2] The initiative permits residents of Colorado to sue any business entity, agent, or high managerial agent for its criminal conduct, and provides that any damages awarded are to be paid to the Colorado General Assembly. It also provides an affirmative defense for agents or high managerial agents who, prior to being charged, state to the attorney general all facts of which they are aware concerning the business entity's criminal conduct.

On February 8, 2008, the proponents filed proposed Initiative # 57 with the Secretary

---

1. The text of the titles and measure is attached hereto as Appendix A.

2. Section 18–1–606(2)(a), C.R.S. (2007), defines "agent" as "any director, officer, or employee of a business entity, or any other person who is authorized to act in behalf of the business entity." Further, section 18–1–606(2)(a) defines

"high managerial agent" as "an officer of a business entity or any other agent in a position of comparable authority with respect to the formulation of the business entity's policy or the supervision in a managerial capacity of subordinate employees."

of State. The Title Board held a public hearing on February 20, 2008, concluded that Initiative # 57 had a single subject, and set a title. On February 27, 2008, Petitioner filed a motion for rehearing pursuant to section 1–40–107(2), C.R.S. (2007). He alleged that Initiative # 57 contained multiple subjects; that the titles were misleading, incomplete, confusing, and inaccurate; that the titles included a "catch phrase"; and that the proponents made substantial amendments to the measure without submitting it to the directors of the Legislative Council and the Office of Legislative Legal Services. On March 5, 2008, the Title Board denied the motion for rehearing. Petitioner then filed this appeal.

## II.

 Our review of Title Board actions is limited. At this stage, we do not address the merits of a proposed measure, interpret it, or construe its future legal effects. *See, e.g., In re Proposed Initiative 2001–2002 # 43*, 46 P.3d 438, 443 (Colo.2002); *In re Proposed Initiatives 2001–2002 # 21 & # 22*, 44 P.3d 213, 215–16 (Colo.2002); *In re Proposed Initiative 1999–2000 # 200A*, 992 P.2d 27, 30 (Colo.2000). Instead, these are matters "for judicial determination in a proper case should the voters approve the initiative." *In re Proposed Initiative 1999–2000 # 200A*, 992 P.2d at 30. In reviewing an action of the Title Board, all legitimate presumptions must be resolved in favor of the Board. *In re Proposed Initiative on Educ. Tax Refund*, 823 P.2d 1353, 1355 (Colo.1991). An initiative title will only be invalidated in a clear case. *Id.*

With this standard in mind, we consider each of Petitioner's arguments in turn. We conclude, first, that Initiative # 57 contains a single subject in accordance with the Colorado Constitution. Second, we find that the titles set by the Title Board are fair and accurate. Third, we determine that the titles

do not contain an impermissible catch phrase. Fourth, we hold that because the proponents' amendments to the measure were made in direct response to comments from the directors of the Legislative Council, the initiative was not required to be resubmitted to the directors and the Office of Legislative Legal Services prior to its submission to the Title Board. Accordingly, we affirm the action of the Title Board.

## A.

 Article V, section 1(5.5) of the Colorado Constitution[3] requires that a proposed initiative contain a single subject. A proposed initiative violates the single subject rule if it relates to more than one subject and has at least two distinct and separate purposes that are not dependent upon or connected with each other. *In re Proposed Initiative 2005–2006 # 55*, 138 P.3d 273, 277 (Colo.2006). A proposed initiative that "tends to effect or to carry out one general objective or purpose" presents a single subject, whereas an initiative that contains "subjects that have no necessary or proper connection to one another" will be invalidated as containing multiple subjects. *In re Proposed Initiative 1999–2000 # 25*, 974 P.2d 458, 463 (Colo.1999). The single subject rule "must be liberally construed." *In re Proposed Initiative 1997–1998 # 74*, 962 P.2d 927, 929 (Colo.1998); *see also* § 1–40–106.5(2), C.R.S. (2007) ("It is the intent of the general assembly that [the single subject requirement] be liberally construed...."). The rule prevents joinder of multiple subjects to secure the support of various factions and prevents voter fraud and surprise. *In re Proposed Initiative 2001–2002 # 43*, 46 P.3d at 442.

Petitioner contends that Initiative # 57 contains multiple subjects in violation of the Constitution. He claims that it contains four separate subjects: (1) it expands criminal liability for certain activities of a business

---

3. Article V, section 1(5.5) of the Colorado Constitution states:

No measure shall be proposed by petition containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any measure which shall not be expressed in the title, such measure

shall be void only as to so much thereof as shall not be so expressed. If a measure contains more than one subject, such that a ballot title cannot be fixed that clearly expresses a single subject, no title shall be set and the measure shall not be submitted to the people for adoption or rejection at the polls.

entity to individuals authorized to act on the entity's behalf; (2) it adds new crimes; (3) it provides Colorado residents with a civil remedy for the entity or person's criminal conduct; and (4) it requires that awards in these civil actions be paid to the state's general fund.

We disagree, and conclude that Initiative # 57 contains a single, easily identifiable subject: extending the existing criminal liability of business entities to include their agents or high managerial agents. All of the measure's sections, whether involving definition, implementation, or enforcement, relate to this single subject. The initiative sets forth general categories of actions and inactions for which business entities and individuals can be held criminally liable, including the failure to perform duties required by law. Contrary to Petitioner's assertion, the measure does not add new crimes; rather, it extends liability for existing offenses to agents or high managerial agents. Indeed, the text of the initiative does not even define crimes or offenses. The affirmative defenses that can be asserted by the agents and high managerial agents, as well as the penalties associated with their conduct, are necessarily related to the individuals' criminal liability for the conduct of business.

Further, neither the addition of civil penalties nor the enforcement of those penalties through private rights of action constitute separate subjects. *See In re Proposed Initiative 2005–2006 # 73*, 135 P.3d 736, 739 (Colo.2006) (stating that sections of a measure that include "implementation or enforcement details directly tied to the initiative's single subject will not, in and of themselves, constitute a separate subject"). As the Title Board points out, civil remedies are often attached to criminal statutes and enforced through private actions, and thus would not create any voter surprise. *See, e.g., In re Proposed Initiative 1999–2000 # 200A*, 992 P.2d at 32 (finding no violation of single subject rule by initiative that, among other things, imposed civil and criminal remedies against physicians who performed abortions without obtaining informed consent from the patient). Further, citizens who sue under this act would do so on behalf of the state of

Colorado, not on their own behalf. Thus, the proposed initiative expands the category of persons who can act on behalf of the state.

Because the initiative's sections are "dependent upon or connected with each other" in that they either implement or enforce the extension of business entities' criminal liability to encompass agents and high managerial agents, we affirm the Title Board's conclusion that Initiative # 57 contains a single subject.

### B.

Section 1–40–106(3)(b), C.R.S. (2007), provides that "[t]he title for the proposed law or constitutional amendment ... shall correctly and fairly express the true intent and meaning thereof...." Accordingly, the titles must be "fair, clear, and accurate." *In re Proposed Initiative 1999–2000 # 256*, 12 P.3d 246, 256 (Colo.2000). This requirement ensures that voters are not surprised after an election to find that an initiative included a surreptitious but significant provision that was disguised by other elements of the proposal. *In re Proposed Initiative 2001–2002 # 43*, 46 P.3d at 442.

In our review, we do not demand that the Title Board draft the best possible titles, and we grant great deference to the Title Board in the exercise of its drafting authority. *In re Proposed Initiative 1999–2000 # 256*, 12 P.3d at 255. Further, not every detail must be set out in the titles. *In re Proposed Initiatives 2001–2002 # 21 & # 22*, 44 P.3d at 222; *see also* § 1–40–106(3)(b) (requiring that the Title Board be concise in titling a measure). The titles are intended to be a "relatively brief and plain statement by the Board setting forth the central features of the initiative for the voters," rather than "an item-by-item paraphrase of the proposed constitutional amendment or statutory provision." *In re Proposed Initiative 1997–1998 # 62*, 961 P.2d 1077, 1083 (Colo.1998). We will reverse the Title Board's decision only if the titles are insufficient, unfair, or misleading. *In re Proposed Initiative Concerning Auto. Ins. Coverage*, 877 P.2d 853, 857 (Colo.1994).

Petitioner contends that the titles are not fair, clear, and accurate. Specifically, he asserts: (1) they fail to properly reference that the act creates new substantive crimes, rather than merely extending liability; (2) they fail to properly define the parties affected by the civil provisions; (3) they fail to reveal that Initiative # 57 creates civil liability not only for criminal conduct, but also for the failure to perform traditional civil duties; and (4) they fail to state that the initiative provides an affirmative defense.

■ We conclude that the titles set by the Title Board fairly, clearly, and accurately describe the measure. In response to Petitioner's first point, and as stated above, the measure does not create new substantive crimes; rather, it adds agents and high managerial agents to the category of persons who may commit an already-existing offense. The titles' description of the initiative as "extending criminal liability to a business entity's . . . agents" is thus accurate. Second, the titles properly acknowledge the parties affected by the civil provisions as "a business or its agent." "Agent" is a term of art, and it is defined in a different portion of the statute. See § 18–1–606(2)(a). The Title Board's summary in the titles is sufficient. Third, the measure does not create civil liability for the breach of traditional civil duties. Instead, it limits civil damages to conduct that is an "offense," which is defined in section 18–1–104(1), C.R.S. (2007), to be "synonymous" with "crime" and to mean "a violation of, or conduct defined by, any state statute for which a fine or imprisonment may be imposed." Thus, as accurately described in the titles, the initiative imposes civil damages only for criminal conduct. Fourth, the failure to include in the titles each and every element of the affirmative defense provision is not confusing or misleading. As noted above, not every detail must be set out in the titles. In re Proposed Initiatives 2001–2002 # 21 & # 22, 44 P.3d at 222.

Although the titles do not describe every detail of the proposed initiative, they include the measure's "central features." We therefore affirm the Title Board's decision that the titles are fair, clear, and accurate.

### C.

Petitioner contends that the term "criminal conduct" is an impermissible catch phrase. A catch phrase contains "words that work to a proposal's favor without contributing to voter understanding." See In re Proposed Initiative 1999–2000 # 258(A), 4 P.3d 1094, 1100 (Colo.2000) (holding that the term "as rapidly and effectively as possible," used in relation to teaching children English, was improper catch phrase). "By drawing attention to themselves and triggering a favorable response, catch phrases generate support for a proposal that hinges not on the content of the proposal itself, but merely on the wording of the catch phrase." Id. A catch phrase "encourage[s] prejudice in favor of the issue and, thereby, distract[s] voters from consideration of the proposal's merits." Id.

■ We conclude that the phrase "criminal conduct" does not have an "appeal to emotion" that would prejudice voters to vote for or against the proposed initiative. See id. Rather, "criminal conduct" is synonymous for the phrase "conduct constituting the offense," used in sections 18–1–606(1)(a) and (1)(b). Indeed, it is difficult to see how else the Title Board could have described this measure. Petitioner's argument that "criminal conduct" is a catch phrase because "the vast majority of voters . . . are against criminal conduct" is too broad a reading of the rule. See, e.g., In re Proposed Initiative 1997–1998 # 112, 962 P.2d 255, 256 (Colo. 1998) (concluding that "protect the environment and human health" is not a catch phrase). Further, Petitioner provides no evidence that "criminal conduct" is something other than a descriptive term. In re Proposed Initiatives 1999–2000 # 227 & # 228, 3 P.3d 1, 7 (Colo.2000) (holding that the party asserting the existence of a catch phrase must offer convincing evidence). As a result, we conclude that "criminal conduct" is not an impermissible catch phrase.

### D.

Petitioner asserts that the proponents made substantial changes to the measure and failed to resubmit it to the directors of the Legislative Council and Office of Legislative

Legal Services before submitting it to the Title Board. Section 1–40–105, C.R.S. (2007), provides that an original draft of a proposed initiative must be submitted to the directors of the Legislative Council and the Office of Legislative Legal Services. The directors then hold a public meeting at which they may raise questions and make editorial comments regarding the proposed measure. After the meeting, but before submission to the Secretary of State for title setting, proponents may amend their measures. Any substantial amendment, other than one made in direct response to the directors' comments, must be resubmitted to the directors.

■ In this case, we conclude that the amendments were made in direct response to comments provided by the directors, and were therefore not required to be resubmitted. In the original draft of the measure, section 18–1–606(1) stated that "[a] business entity AND ANY ASSOCIATED PERSON is guilty of an offense if. . . ." Subsection (2)(a.1) stated, " 'ASSOCIATED PERSON' MEANS ANY NATURAL PERSON WHO IS AN OFFICER, DIRECTOR, MEMBER, PARTNER, OR SOLE PROPRIETOR OF A BUSINESS ENTITY COVERED BY THIS SECTION." In response to the proposed measure, the directors posed technical comments and questions. In technical comment 5, they noted:

> The change to the introductory portion of subsection (1) of the proposed initiative states "business entity AND ASSOCIATED PERSON is guilty." If the proponents intended to use the "AND," the "is" should be changed to "ARE" or if the proponents intend to use "is," then it should be "business entity OR ASSOCIATED PERSON."

Further, in substantive question 4c, the directors asked, "What is the difference between the definition of 'associated person' and 'agent' in section 18–1–606, Colorado Revised Statutes?"

In the final draft, the proponents removed the phrase "associated person" and revised subsection 1 of section 18–1–606 to read, "A business entity, AGENT, OR HIGH MANAGERIAL AGENT ARE GUILTY of an offense if. . . ." This change was clearly made in direct response to the directors' comments indicating that a grammatical correction was needed and that there was an unnecessary overlap between the existing definition of "agent" and the proposed definition of "associated person." As a result, we affirm the Title Board's conclusion that the proponents were not required to resubmit the measure to the directors prior to submitting it to the Secretary of State.

## III.

At bottom, what Petitioner argues is that Initiative # 57 is an unwise law. However, our role is not to determine the merits of a proposed initiative. *See, e.g., In re Proposed Initiative 2001–2002 # 43*, 46 P.3d at 443. We conclude that Initiative # 57 contains a single subject in accordance with the Colorado Constitution. Further, we find that the titles set by the Title Board are fair and accurate, and do not contain an impermissible catch phrase. Finally, we determine that because the proponents' amendments to the measure were made in direct response to comments from the directors of the Legislative Council, the initiative was not required to be resubmitted to the directors and the Office of Legislative Legal Services prior to its submission to the Title Board. Accordingly, we affirm the action of the Title Board.

## APPENDIX A

**Proposed Initiative 2007–2008 # 57** (Unofficially captioned "Criminal and Civil Liability for Businesses and Individuals for Business Activities" by legislative staff for tracking purposes. Such caption is not part of the titles set by the Board.)

The title as designated and fixed by the Board is as follows:

An amendment to the Colorado Revised Statutes concerning liability for criminal conduct of businesses, and, in connection therewith, extending criminal liability to a business entity's directors, officers, and employees and agents who formulate a business's policies or supervise employees, if the business fails to perform duties that are required by law or if management engages in, authorizes, solicits, requests, commands, or

knowingly tolerates the business's criminal conduct; allowing any Colorado resident to bring an action for civil damages against a business or its agent for such criminal conduct; requiring that awards in civil actions be paid to the general fund of the state of Colorado; permitting an award of attorney fees and costs to a citizen who brings a successful civil action; and allowing persons who disclose to the attorney general all facts known to them concerning a business's criminal conduct to use that disclosure as an affirmative defense to criminal or civil charges.

The ballot title and submission clause as designated and fixed by the Board is as follows:

Shall there be an amendment to the Colorado Revised Statutes concerning liability for criminal conduct of businesses, and, in connection therewith, extending criminal liability to a business entity's directors, officers, and employees and agents who formulate a business's policies or supervise employees, if the business fails to perform duties that are required by law or if management engages in, authorizes, solicits, requests, commands, or knowingly tolerates the business's criminal conduct; allowing any Colorado resident to bring an action for civil damages against a business or its agent for such criminal conduct; requiring that awards in civil actions be paid to the general fund of the state of Colorado; permitting an award of attorney fees and costs to a citizen who brings a successful civil action; and allowing persons who disclose to the attorney general all facts known to them concerning a business's criminal conduct to use that disclosure as an affirmative defense to criminal or civil charges?

The text of Proposed Initiative 2007–2008 # 57 is as follows:

### Individual Liability for Corporate Wrongdoing

*18-1-606 Criminal Liability of Business Entities*

(1) A business entity, AGENT, OR HIGH MANAGERIAL AGENT ARE guilty of an offense if:

(a) The conduct constituting the offense consists of an omission to discharge a specific duty of affirmative performance imposed on the business entity by law; or

(b) The conduct constituting the offense is engaged in, authorized, solicited, requested, commanded, or knowingly tolerated by the governing body or individual authorized to manage the affairs of the business entity or by a high managerial agent acting within the scope of his or her employment or in behalf of the business entity.

(2) As used in this section:

(a) "Agent" means any director, officer, or employee of a business entity, or any other person who is authorized to act in behalf of the business entity, and "high managerial agent" means an officer of a business entity or any other agent in a position of comparable authority with respect to the formulation of the business entity's policy or the supervision in a managerial capacity of subordinate employees.

(b) "Business entity" means a corporation or other entity that is subject to the provisions of title 7, C.R.S.; foreign corporations qualified to do business in this state pursuant to article 115 of title 7, C.R.S., specifically including federally chartered or authorized financial institutions; a corporation or other entity that is subject to the provisions of title 11, C.R.S.; or a sole proprietorship or other association or group of individuals doing business in the state.

(3) Every offense committed by a corporation prior to July 1, 1985, which would be a felony if committed by an individual shall subject the corporation to the payment of a fine of not less than one thousand dollars nor more than fifteen thousand dollars. For such offenses committed on or after July 1, 1985, the corporation shall be subject to the payment of a fine within the presumptive ranges authorized by section 18–1.3–401(1)(a)(III). Every offense committed by a corporation which would be a misdemeanor or petty offense if committed by an individual shall subject the corporation to the payment of a fine within the minimum and maximum fines authorized by sections 18–1.3–501 and

18–1.3–503 for the particular offense of which the corporation is convicted. For an offense committed on or after July 1, 2003, a business entity shall be subject to the payment of a fine within the presumptive ranges authorized by section 18–1.3–401(1)(a)(III). An offense committed by a business entity that would be a misdemeanor or petty offense if committed by an individual shall subject the business entity to the payment of a fine within the minimum and maximum fines authorized by sections 18–1.3–501 and 18–1.3–503 for the particular offense of which the business entity is convicted.

(4) IT SHALL BE A COMPLETE AFFIRMATIVE DEFENSE FOR ANY INDIVIDUAL CHARGED AS AN AGENT OR HIGH MANAGERIAL AGENT UNDER SUBSECTION (1) OF THIS SECTION THAT, PRIOR TO BEING CHARGED, HE OR SHE REPORTED TO THE OFFICE OF THE ATTORNEY GENERAL ALL FACTS OF WHICH HE OR SHE WAS AWARE CONCERNING THE BUSINESS ENTITY'S CONDUCT THAT MEETS THE CRITERIA SET FORTH IN SUBSECTION (1) OF THIS SECTION.

(5)(a) ANY INDIVIDUAL RESIDING IN COLORADO MAY SEEK CIVIL DAMAGES AGAINST ANY BUSINESS ENTITY, AGENT, OR HIGH MANAGERIAL AGENT FOR THEIR CONDUCT THAT MEETS THE CRITERIA SET FORTH IN SUBSECTION (1) OF THIS SECTION.

(b) ANY SUCH AWARD OF DAMAGES SHALL BE PAID TO THE GENERAL FUND OF THE STATE OF COLORADO TO BE APPROPRIATED BY THE GENERAL ASSEMBLY.

(c) THE AFFIRMATIVE DEFENSE SET FORTH IN SUBSECTION (4) OF THIS SECTION SHALL APPLY TO CIVIL ACTIONS INITIATED UNDER THIS SUBSECTION (5).

(d) SUCH MONEYS, WHEN APPROPRIATED, SHALL BE EXEMPT FROM THE PROVISIONS OF SECTION 24–75–201.1, COLORADO REVISED STATUTES.

(e) IF AN AWARD IS MADE UNDER THIS SUBSECTION (5), THE CITIZEN FILING THE LAWSUIT SHALL BE EN-TITLED TO REASONABLE ATTORNEY FEES AND COSTS FOR DEFENDING THE INTERESTS OF THE STATE. NO SUCH AWARD SHALL BE MADE FOR CLAIMS THAT LACKED SUBSTANTIAL JUSTIFICATION OR WERE INTERPOSED FOR DELAY OR HARASSMENT.